1  TERRY KEARNEY, State Bar No. 160054
   CAROLINE E. WILSON, State Bar No. 241031
2  LISA K. NGUYEN, State Bar No. 244280
   JENNIFER M. MARTINEZ, State Bar No. 262081
3  MICHAEL D. K. NGUYEN, State Bar No. 264813
   WILSON SONSINI GOODRICH & ROSATI
4  Professional Corporation
   650 Page Mill Road
5  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
6  Facsimile: (650) 493-6811
   Email: tkearney@wsgr.com
7
   CINDY LIOU, State Bar No. 252161
8  ASIAN PACIFIC ISLANDER LEGAL OUTREACH
   1121 Mission Street
9  San Francisco, California 94103
   Telephone: (415) 567-6255
10 Facsimile: (415) 567-6248
   Email: cliou@apilegaloutreach.org
11
   *Attorneys for Plaintiff*
12 JANE DOE

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16
   JANE DOE,                              )   CASE NO.:
17                                        )
              Plaintiff,                  )   **COMPLAINT**
18                                        )
       v.                                 )   **DEMAND FOR JURY TRIAL**
19                                        )
   GIUSEPPE PENZATO, an individual; and   )
20 KESIA PENZATO, an individual,          )
                                          )
21            Defendants.                 )
                                          )
22                                        )
                                          )
23
24
25
26
27
28

COMPLAINT                        -1-

1    Plaintiff, Jane Doe ("Ms. Doe" or "Plaintiff"), by and through her undersigned attorneys,

2    with personal knowledge as to herself and her actions and otherwise upon information and belief,

3    hereby alleges as follows:

4    **I.     INTRODUCTION**

5        1.     Ms. Doe was the victim of human trafficking at the hands of Defendants Giuseppe

6    Penzato ("Mr. Penzato") and Kesia Alves Penzato ("Mrs. Penzato") (collectively, "the

7    Penzatos").

8        2.     Mr. and Mrs. Penzato knowingly and willfully conspired to lure and lured Ms.

9    Doe from her home in Brazil with false promises of a lucrative housekeeping job in San

10   Francisco, California. Defendants subjected Ms. Doe to intimidation, assault, and involuntary

11   servitude.

12       3.     Ms. Doe brings this civil action under the Trafficking Victims Protection

13   Reauthorization Act of 2008 ("the TVPRA"), the California Labor Code, the Fair Labor

14   Standards Act ("FLSA"), California common law, and other provisions of federal and state law.

15   By this complaint, Ms. Doe seeks redress for these violations of her basic human and civil rights.

16   **II.    JURISDICTION AND VENUE**

17       4.     Jurisdiction of the subject matter of this action is established under 28 U.S.C. §

18   1331, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the Trafficking Victims

19   Protection Reauthorization Act, 18 U.S.C. § 1589 *et seq*.

20       5.     This Court has supplemental jurisdiction over the related state law claims asserted

21   herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. § 1367.

22   Supplemental jurisdiction over those claims is appropriate because they arise from the same

23   common nucleus of operative facts from which the federal claims arise.

24       6.     This Court has personal jurisdiction over the Defendants by virtue of the fact that

25   all Defendants reside in this District.

26       7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all the

27   Defendants reside in this District, and because a substantial part of the acts and omissions giving

28   rise to the claims occurred in this District.

### III.  PARTIES

8.  Plaintiff Ms. Doe is, and at all times relevant was, a citizen of Brazil.  Ms. Doe currently resides in San Francisco, California.  Before being brought to the United States in August 2009, Ms. Doe resided in Brazil.

9.  Upon information and belief, Defendant Giuseppe Penzato is, and at all relevant times was, a citizen of Italy.  Upon information and belief, Mr. Penzato currently resides in San Francisco, California.  Upon information and belief, Mr. Penzato is an employee of the Consulate General of Italy in San Francisco.  Mr. Penzato is, and at all relevant times, an employer pursuant to the FLSA and the California Labor Code.

10.  Upon information and belief, Defendant Kesia Penzato is, and at all relevant times was, a citizen of Brazil.  Upon information and belief, Mrs. Penzato currently resides in San Francisco, California.  Upon information and belief, Mrs. Penzato is married to Mr. Penzato.  Mrs. Penzato is, and at all relevant times, an employer pursuant to the FLSA and the California Labor Code.

### IV.  FACTUAL ALLEGATIONS

11.  Ms. Doe met Mrs. Penzato when they were both adolescents in Brazil.  While they had been childhood friends, they had lost touch over the years.  In approximately December 2008, years after they had last spoken, Mrs. Penzato contacted Ms. Doe through a social networking Internet website.

12.  Mrs. Penzato told Ms. Doe that she was married to an Italian diplomat living in San Francisco and stated that her life in the United States was better than it had been in Brazil.  Mrs. Penzato urged Ms. Doe to move to the United States, promising her that her life would likewise improve.  Mrs. Penzato stated that Ms. Doe would be able to earn more as a housekeeper in the United States than she was earning as a government employee in Brazil.

13.  To that end, Mrs. Penzato offered Ms. Doe a job assisting with the care of the Penzato children.  Mrs. Penzato told Ms. Doe that, because her husband was a diplomat, she could arrange for Ms. Doe to receive a visa to come to the United States.  Mrs. Penzato also told Ms. Doe, among other things, that if she came to the United States, she would have the means

1    and the time while working for the Penzatos to attend school to become a nurse. In addition,

2    Mrs. Penzato promised Ms. Doe that she could seek housework from other employers in the

3    United States. Mrs. Penzato offered to pay Ms. Doe $1,500 U.S.D. per month, and to provide

4    her with free room and board at the Penzato home. The Penzatos also promised to pay for Ms.

5    Doe's transportation to the United States. Ms. Doe accepted the offer.

6        14.     In order to facilitate Ms. Doe's entry into the United States, Mr. and Mrs. Penzato

7    sent Ms. Doe an employment contract (hereinafter "First Contract"). A true and redacted copy

8    of the First Contract is attached hereto as Exhibit A.

9        15.     The First Contract specified that Ms. Doe would work for the Penzatos as a child

10    caretaker and housekeeper for a maximum of 35 hours per week. It further specified that Mr.

11    Penzato would pay Ms. Doe $1,500 per month for her services, and that Ms. Doe would not be

12    required to work on Saturdays and Sundays, except in limited circumstances. Ex. A, ¶¶ 1(1), 2.1,

13    2.2, 4, 5. The First Contract also specified that Mr. Penzato would provide transportation at no

14    cost to Ms. Doe, from Brazil to the United States at the beginning of the employment and from

15    the United States to Brazil or another location of Ms. Doe's choosing at the termination of the

16    employment. *Id.*, ¶ 18. In addition, the First Contract stated that Mr. Penzato would provide Ms.

17    Doe with housing without charge. *Id.*, ¶¶ 4, 5.

18        16.     Using his status as an employee of the Italian Consulate, Mr. Penzato arranged for

19    Ms. Doe to come to the United States on an "A3" visa. Mr. and Mrs. Penzato traveled to Brazil

20    to meet Ms. Doe. On or around August 24, 2009, Ms. Doe left Brazil for the United States with

21    Mr. and Mrs. Penzato. On or around August 25, 2009, Ms. Doe arrived in San Francisco,

22    California.

23        17.     After arriving in the United States, Mr. Penzato obtained control of Ms. Doe's

24    passport and her other identification documents.

25        18.     From the beginning of the employment, Mr. and Mrs. Penzato breached their

26    agreement to limit Ms. Doe's work to 35 hours per week. On a regular basis, Ms. Doe would

27    work from approximately 6:00 a.m. until 9:00 p.m. Ms. Doe would also be forced to work

28

1    Saturdays and Sundays in contravention of her employment agreement. Ms. Doe would

2    routinely work over 60 hours per week.

3        19.    Shortly after she arrived and started working in the Penzato house, Mr. and Mrs.

4    Penzato informed Ms. Doe that she would also work part time (approximately 5 hours per day,

5    twice per week) in the home of Marcello Curci ("Mr. Curci") and Marina Curci ("Mrs. Curci")

6    (collectively, "the Curcis"). In return for her labor, Mr. Curci promised Ms. Doe $18 per hour

7    for her work. An accounting of the amount owed to Ms. Doe by the Curcis was never given to

8    her. During the relevant period, Ms. Doe was not paid directly by the Curcis for her work, but

9    instead was informed by Mr. Penzato that he was providing her with payments he received from

10   Mr. Curci.

11       20.    While working for the Penzatos, Ms. Doe was given almost no rest breaks. On

12   most days, she was given little opportunity to eat until dinner. Mrs. Penzato would restrict Ms.

13   Doe's access to food.

14       21.    Ms. Doe was forced to clean using harsh chemicals in unventilated areas without

15   gloves or breathing protection, which caused damage to her skin and caused her to be nauseated.

16       22.    In addition, Ms. Doe's freedom of movement was restricted. Ms. Doe had little

17   ability to come and go from the house without permission.

18       23.    During the time of Ms. Doe's employment, Mr. Penzato possessed and controlled

19   Ms. Doe's passport. On at least one occasion, Ms. Doe requested Mr. Penzato return her

20   passport. Mr. Penzato failed to return Ms. Doe's passport at that time, and it remained in his

21   possession and control.

22       24.    Mr. and Mrs. Penzato often told Ms. Doe that because they were diplomats, they

23   lived in a "little Italy" and therefore the laws of the United States did not apply to them. Mr. and

24   Mrs. Penzato told Ms. Doe on numerous occasions that they were immune from prosecution

25   because they were diplomats.

26       25.    On or around the end of September 2009 or the beginning of October 2009, Ms.

27   Doe was paid $500 for her services rendered to the Penzatos. In addition to the $500 of pay, Mr.

28

1  Penzato extended Ms. Doe a credit of $100. At this time, Mr. Penzato informed Ms. Doe that

2  she allegedly owed a "debt" to the Penzatos. The credit of $100 would increase this "debt."

3      26.    Ms. Doe never received any other payment for her work in the Penzato

4  household. On one occasion, Mr. Penzato took Ms. Doe to a bank and forced her to cash a check

5  he had made out in her name. He then forced her to give him all of the cash she had just

6  received.

7      27.    On or around October 24, 2009, Ms. Doe complained to Mr. and Mrs. Penzato

8  about the breaches of their agreement and the conditions under which she worked. Mr. and Mrs.

9  Penzato again told Ms. Doe of a purported "debt" that she owed them and that she had to find

10  some way to satisfy this debt.

11      28.    Mr. and Mrs. Penzato then told Ms. Doe to sign a second employment contract

12  that the Penzatos had drafted. Ms. Doe refused. Mrs. Penzato then physically attacked Ms. Doe,

13  pushing and striking Ms. Doe until Ms. Doe executed the contract (the "Second Contract"). Ms.

14  Doe was never provided with a copy of the Second Contract.

15      29.    In late October 2009, Mr. Penzato began to assault and sexually molest Ms. Doe.

16  At night, without consent or provocation, Mr. Penzato would enter the bedroom where Ms. Doe

17  slept and touch her inappropriately in a sexual manner. During these incidents, Ms. Doe would

18  pretend to be asleep. These incidents continued to occur until the day Ms. Doe left the Penzato

19  household.

20      30.    In mid-November, Ms. Doe informed the Penzatos of her intention to leave their

21  employment. In response, Mr. Penzato threatened to cancel Ms. Doe's visa and stated that the

22  Penzatos would provide Ms. Doe with no further pay. Mr. Penzato stated that the Penzatos owed

23  Ms. Doe nothing for her services because the "debt" she owed the Penzatos exceeded the money

24  she had earned. Mr. Penzato wrote numbers on a piece of paper and provided it to Ms. Doe as an

25  "accounting" of this alleged debt. Mr. Penzato further demanded that Ms. Doe call Mr. Curci

26  and tell Mr. Curci that because Ms. Doe owed the Penzatos a "debt," Mr. Curci was to pay Mr.

27  Penzato any money Mr. Curci owed for her services. During this incident, Mrs. Penzato shook

28  and struck Ms. Doe.

COMPLAINT                                    -6-

1    31.    Ms. Doe left the Penzato household on or around November 20, 2009.

2  **V.    CLAIMS FOR RELIEF**

3                              **FIRST CLAIM FOR RELIEF**

4                    (Trafficking Victims Protection Reauthorization Act, Forced Labor,

5                                   18 U.S.C. §§ 1589, 1595)

6                    (Against Defendants Giuseppe Penzato and Kesia Penzato)

7    32.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

8  the above paragraphs of this Complaint as though fully set forth herein.

9    33.    Upon information and belief, Defendants knowingly obtained Ms. Doe's services

10  using serious harm, threats of serious harm, force, threats of force, and physical restraint.

11    34.    Upon information and belief, Defendants knowingly obtained Ms. Doe's services

12  by their scheme, plan or pattern intended to cause Ms. Doe to believe that, if she did not perform

13  the labor or services Defendants requested, she would suffer serious harm or physical restraint.

14    35.    Upon information and belief, Defendants knowingly obtained Ms. Doe's services

15  by means of the abuse or threatened abuse of the law or the legal process.

16    36.    Defendants used force, threats and intimidation to require Ms. Doe to perform

17  labor and provide services to them without paying her the compensation required by law.

18    37.    Upon information and belief, Defendants knowingly benefited from the services

19  provided by Ms. Doe obtained by the above means.

20    38.    As a result of Defendants' conduct, Ms. Doe has suffered damages in an amount

21  to be determined at trial.

22    39.    Pursuant to 18 U.S.C. § 1595, Ms. Doe is entitled to recover damages and

23  reasonable attorneys' fees for Defendants' wrongful conduct.

24

25

26

27

28

1 **SECOND CLAIM FOR RELIEF**

2 (Trafficking Victims Protection Reauthorization Act

3 Trafficking Into Servitude, 18 U.S.C. §§ 1590, 1595)

4 (Against Defendants Giuseppe Penzato and Kesia Penzato)

5     40.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

6 the above paragraphs of this Complaint as though fully set forth herein.

7     41.    Upon information and belief, as set forth herein, Defendants knowingly recruited,

8 harbored, transported, provided, and obtained Ms. Doe to provide labor and services to each of

9 Defendants in violation of 18 U.S.C. § 1589.

10     42.    As a result of Defendants' conduct, Ms. Doe has suffered damages in an amount

11 to be determined at trial.

12     43.    Pursuant to 18 U.S.C. § 1595, Ms. Doe is entitled to recover damages and

13 reasonable attorneys' fees for Defendants' wrongful conduct.

14 **THIRD CLAIM FOR RELIEF**

15 (California Trafficking Victims Protection Act,

16 California Penal Code § 236.1, Cal. Civ. Code § 52.5)

17 (Against Defendants Giuseppe Penzato and Kesia Penzato)

18     44.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

19 the above paragraphs of this Complaint as though fully set forth herein.

20     45.    Upon information and belief, as set forth herein, Defendants knowingly and

21 substantially restricted the personal liberty of Ms. Doe through fraud, deceit, coercion, duress,

22 menace, and threat of unlawful injury to Ms. Doe, causing Ms. Doe to reasonably believe it

23 likely that Defendants would carry out their threats.  Defendants brought Ms. Doe into their

24 employ by using fraud, repeatedly threatened her with injury, and knowingly destroyed,

25 concealed, removed, confiscated, or possessed Ms. Doe's passport and identification documents

26 in order to keep Ms. Doe from leaving Defendants' employment.  Defendants' fraud and

27 psychological and emotional coercion was conduct that would and did reasonably overbear the

28 will of Ms. Doe.

COMPLAINT           -8-

1    46.    Defendants substantially restricted the personal liberty of Ms. Doe in order to

2 obtain forced labor and services from her.

3    47.    As a result of Defendants' conduct, Ms. Doe is a victim of human trafficking as

4 defined in § 236.1 of the California Penal Code. Ms. Doe has suffered damages and, pursuant to

5 California Civil Code § 52.5, is entitled to recover actual, compensatory, and punitive damages

6 as well as reasonable attorneys' fees for Defendants' wrongful conduct.

7    48.    Defendants' violation of California Civil Code § 52.5 entitles Ms. Doe to recover

8 up to three times her actual damages, or ten thousand dollars ($10,000), whichever is greater.

9    49.    In doing the acts alleged in this Complaint, Defendants acted with oppression,

10 fraud, malice, and duress, and willful and conscious disregard for Ms. Doe's physical and mental

11 health, safety, and rights secured by California Civil Code § 52.5. Ms. Doe is therefore entitled

12 to recover punitive damages pursuant to California Civil Code § 52.5.

13                         **FOURTH CLAIM FOR RELIEF**

14                              (Involuntary Servitude)

15                (Against Defendants Giuseppe Penzato and Kesia Penzato)

16    50.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

17 the above paragraphs of this Complaint as though fully set forth herein.

18    51.    Ms. Doe brings this claim for relief under the private causes of action implied

19 under the Thirteenth Amendment to the United States Constitution, 18 U.S.C. § 1584, the

20 California Constitution, Article I, § 6, and California Penal Code § 181.

21    52.    As described herein, Defendants used physical intimidation, threats of

22 deportation, and other forms of legal and psychological coercion to require Ms. Doe to work

23 without the lawfully required pay and in conditions of involuntary servitude.

24    53.    Through such action, Ms. Doe was subject to involuntary servitude prohibited by

25 the Thirteenth Amendment to the United States Constitution, 18 U.S.C. § 1584, the California

26 Constitution, Article I, § 6, and California Penal Code § 181.

27

28

COMPLAINT                                    -9-

1      54.     As a direct and proximate result of these actions, Ms. Doe suffered damages,

2 including extreme mental suffering, indignity, humiliation, physical injuries, and economic

3 losses, entitling her to damages in an amount to be proven at trial.

4      55.     Defendants committed these acts alleged herein maliciously, fraudulently, and

5 oppressively with the intention of injuring Ms. Doe and in conscious disregard of Ms. Doe's

6 rights. Ms. Doe is thus entitled to recover punitive damages from Defendants in an amount to be

7 determined at trial.

8 **FIFTH CLAIM FOR RELIEF**

9 (Violations of the Fair Labor Standards Act)

10 (Against Defendants Giuseppe Penzato and Kesia Penzato)

11      56.     Plaintiff hereby refers to and incorporates each and every allegation set forth in

12 the above paragraphs of this Complaint as though fully set forth herein.

13      57.     At all relevant times, Ms. Doe was employed in domestic services in one or more

14 households and was so employed for more than 8 hours in the aggregate every week.

15      58.     From August 2009 to November 2009, Ms. Doe provided services on a daily and

16 weekly basis for both Defendants. Each of the Defendants was a single employer or joint

17 employer of Ms. Doe under 29 U.S.C. § 203(d).

18      59.     In violation of 29 U.S.C. § 206 and 29 C.F.R. § 552.102, Defendants never paid

19 Ms. Doe the minimum wage for the services that she provided to them. Contrary to Ms. Doe's

20 agreement with the Penzatos, when Defendants did pay Ms. Doe for her work, they unlawfully

21 deducted unrecorded amounts attributed to her inbound transportation costs, room and board,

22 cellular telephone service, and other undisclosed amounts, without Ms. Doe's agreement or

23 consent.

24      60.     Upon information and belief, Defendants knowingly and willfully required,

25 suffered or permitted Ms. Doe to work hours well beyond a normal work day, including working

26 up to 14 consecutive hours a day, seven days a week, and knowingly and willfully failed and

27 refused to pay Ms. Doe the minimum wage for hours worked as required under federal law.

28

COMPLAINT               -10-

61.     Defendants required that Ms. Doe work through meals and rest periods and be on call at all times. Defendants did not pay Ms. Doe for her missed meal periods.

62.     Ms. Doe is informed and believes and on that basis alleges that Defendants have failed to keep adequate employment records and have not properly or adequately recorded Ms. Doe's hours worked during her employment, in violation of 29 U.S.C. § 211(c).

63.     Defendants knew, should have known, or showed reckless disregard for the FLSA's provisions applicable to Ms. Doe and willfully, intentionally and without good faith violated and continue to violate these laws. As a result of Defendants' willful violations, Ms. Doe is entitled to receive liquidated damages in an additional amount above the wages already due her.

64.     Under the FLSA, 29 U.S.C. § 216(b), Ms. Doe is entitled to recover all unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs in amounts to be determined at trial.

**SIXTH CLAIM FOR RELIEF**

(Violation of the California Labor Code – Failure to Pay

Minimum Wages, Exceeding Maximum Work Hours, and Overtime)

(Against Defendants Giuseppe Penzato and Kesia Penzato)

65.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

66.     Ms. Doe is not exempt from the requirements of the California Labor Code that she be paid minimum wage and/or overtime as alleged herein.

67.     Defendants forced Ms. Doe to work hours exceeding the maximum allowed under California Labor Code § 1198 and Department of Industrial Relations Wage Order 15-2001(3)(A), 8 California Code of Regulations 11150 ("Wage Order 15").

68.     Upon information and belief, Defendants knowingly and willfully required, suffered or permitted Ms. Doe to work in excess of 8 hours in one workday and in excess of 40 hours in one workweek, and knowingly and willfully failed and refused to pay Ms. Doe overtime

1  wages for overtime hours worked, in violation of California Labor Code §§ 510, 1194, and Wage
2  Order 15.

3       69.    In violation of California Labor Code § 1197, Defendants knowingly and willfully
4  failed and refused to pay Ms. Doe the minimum wage required under California law for the
5  hours worked and services provided for Defendants by Ms. Doe, as well as for her on-call time.

6       70.    Defendants' failure to pay Ms. Doe minimum wages and overtime premiums was
7  not in good faith, and Defendants had no reasonable grounds for believing that their failure to
8  pay such wages and overtime premiums was not a violation of California law.

9       71.    Ms. Doe is entitled to recover all unpaid minimum and/or overtime wages to
10  which she is entitled, plus interest and attorneys' fees and costs incurred in bringing this civil
11  action. Ms. Doe is also entitled to liquidated damages in an amount equal to the minimum wages
12  unlawfully not paid to her by Defendants and interest thereon.

13       72.    As a direct and proximate result of Defendants' unlawful failure and refusal to
14  pay Ms. Doe wages as required by California law, and other violations of the law as set forth
15  herein, Ms. Doe has suffered damages in an amount to be determined at trial.

16                                       **SEVENTH CLAIM FOR RELIEF**
17                                      (Violation of California Labor Code –
18                Failure to Provide Days of Rest and Meal and Rest Periods)
19                (Against Defendants Giuseppe Penzato and Kesia Penzato)

20       73.    Plaintiff hereby refers to and incorporates each and every allegation set forth in
21  the above paragraphs of this Complaint as though fully set forth herein.

22       74.    During Ms. Doe's employment with Defendants, from August 2009 until
23  November 2009, Defendants failed to provide her with a day of rest in every seven days in
24  violation of California Labor Code §§ 551 and 552, and Wage Order 15.

25       75.    Upon information and belief, in violation of California Labor Code §§ 226.7 and
26  512, and Wage Order 15, Defendants knowingly and willfully failed and refused to provide Ms.
27  Doe with rest breaks and meal periods. Defendants did not compensate Ms. Doe for her missed
28  meal and rest periods.

COMPLAINT                     -12-

1   76.   Ms. Doe is entitled to recover penalties pursuant to California Labor Code § 558.

2   77.   As a direct and proximate result of Defendants' unlawful failure and refusal to

3   provide Ms. Doe days of rest and meal and rest periods as required by California law, and other

4   violations of the law as set forth herein, Ms. Doe has suffered damages in an amount to be

5   determined at trial.

6   **EIGHTH CLAIM FOR RELIEF**

7   (Violations of the California Labor California Code §§ 203, 205, and 226)

8   (Against Defendants Giuseppe Penzato and Kesia Penzato)

9   78.   Plaintiff hereby refers to and incorporates each and every allegation set forth in

10   the above paragraphs of this Complaint as though fully set forth herein.

11   79.   At the time Ms. Doe left Defendants' employment, Defendants owed her wages

12   and overtime premiums, as alleged herein.

13   80.   Upon information and belief, Defendants have willfully failed to pay Ms. Doe the

14   wages and overtime premiums she is due following the termination of her employment, entitling

15   her to waiting time penalties pursuant to California Labor Code § 203.

16   81.   In violation of California Labor Code § 226, Defendants never provided Ms. Doe

17   itemized wage statements.  Ms. Doe is informed and believes and on that basis alleges that

18   Defendants have failed to keep adequate employment records and have not properly or

19   adequately recorded Ms. Doe's hours worked during her employment.

20   82.   In violation of California Labor Code § 205, at all times alleged herein,

21   Defendants failed to pay Ms. Doe every 31 days.

22   83.   As a direct and proximate result of Defendants' unlawful failure and refusal to

23   comply with these provisions of California law, Ms. Doe has suffered damages in an amount to

24   be determined at trial.

25

26

27

28

COMPLAINT                                    -13-

1

**NINTH CLAIM FOR RELIEF**

2

(Violation of California Labor Code § 970 – Fraudulent Inducement of Employment)

3

(Against Defendants Giuseppe Penzato and Kesia Penzato)

4      84.      Plaintiff hereby refers to and incorporates each and every allegation set forth in

5   the above paragraphs of this Complaint as though fully set forth herein.

6      85.      Upon information and belief, in or about December 2008 to November 2009,

7   Defendants Kesia and Giuseppe Penzato knowingly made false representations to Ms. Doe about

8   the circumstances and the lawfulness of her relocation from Brazil to California, including, but

9   not limited to, falsely informing Ms. Doe that she would have a job working in Defendants Kesia

10  and Giuseppe Penzato's household as a child caretaker for $1,500 per month.

11     86.      Mr. and Mrs. Penzato represented to Ms. Doe that she would have a better life in

12  the United States than she did in Brazil. Mr. and Mrs. Penzato told Ms. Doe that she would have

13  time to go to school and to work in other households, and represented that her work would not

14  exceed normal working hours.

15     87.      Upon information and belief, Defendants Kesia and Giuseppe Penzato had

16  knowledge of the falsity of their misrepresentations at the time those misrepresentations were

17  made and/or had no reasonable grounds for believing their representations to be true.

18     88.      Upon information and belief, Defendants Kesia and Giuseppe Penzato intended

19  for Ms. Doe to rely on their false statements and misrepresentations to induce Ms. Doe to

20  relocate from Brazil to California.

21     89.      Ms. Doe justifiably relied on Defendants' misrepresentations in deciding not to

22  renew her contract as a government employee, leave her home and son in Brazil, and travel to

23  the United States.

24     90.      As a result of Defendants' misrepresentations, Ms. Doe was injured in an amount

25  to be proven at trial and is entitled to all appropriate penalties under the California Labor Code,

26  including, but not limited to, double damages.

27

28

COMPLAINT                                    -14-

## TENTH CLAIM FOR RELIEF

(Intentional Fraud)

(Against Defendants Giuseppe Penzato and Kesia Penzato)

91.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

92.    Upon information and belief, Defendants Kesia Penzato and Giuseppe Penzato knowingly made false representations to Ms. Doe in or about December 2008 to November 2009 about the circumstances and the lawfulness of her emigration to the United States, including, but not limited to, falsely informing Ms. Doe that she would have a job working in Defendants Kesia and Giuseppe Penzato household as a child caretaker for $1,500 per month.

93.    Mr. and Mrs. Penzato represented to Ms. Doe that she would have a better life in the United States than she did in Brazil. Mr. and Mrs. Penzato told Ms. Doe that she would have time to go to school and to work in other households, and represented that her work would not exceed normal working hours.

94.    Upon information and belief, one of Defendants' purposes in making these false representations to Ms. Doe was to induce her to leave Brazil and travel to the United States where she would be employed by Defendants without being paid the minimum wages and overtime premiums required by law.

95.    Upon information and belief, Defendants had knowledge of the falsity of their misrepresentations at the time those misrepresentations were made.

96.    Upon information and belief, Defendants intended for Ms. Doe to rely on their false statements and misrepresentations. Ms. Doe justifiably relied on Defendants' misrepresentations in deciding not to renew her contract as a government employee, leave her home and son in Brazil, and travel to the United States.

97.    Ms. Doe was injured as a result of her reliance on Defendants' false statements and misrepresentations, which subjected her to exploitation of her labor, and caused her to suffer physical and emotional damages. Ms. Doe is entitled to damages in an amount to be proven at trial.

1    98.    Defendants committed the acts alleged in this Complaint with the wrongful

2  intention of injuring Ms. Doe with an improper motive amounting to malice, in conscious

3  disregard of Ms. Doe's rights. Because Defendants' actions were willful, wanton, malicious and

4  oppressive, Ms. Doe is also entitled to an award of punitive damages.

5                                **ELEVENTH CLAIM FOR RELIEF**

6                                    (Negligent Misrepresentation)

7                      (Against Defendants Giuseppe Penzato and Kesia Penzato)

8    99.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

9  the above paragraphs of this Complaint as though fully set forth herein.

10   100.   Defendants Kesia and Giuseppe Penzato made false representations to Ms. Doe in

11  or about December 2008 to November 2009 about the circumstances and the lawfulness of her

12  emigration to the United States, including, but not limited to, falsely informing Ms. Doe that she

13  would have a job working in Defendants Kesia and Giuseppe Penzato household as a child

14  caretaker for $1,500 per month.

15   101.   Mr. and Mrs. Penzato represented to Ms. Doe that she would have a better life in

16  the United States than she did in Brazil. Mr. and Mrs. Penzato told Ms. Doe that she would have

17  time to go to school and to work in other households, and represented that her hours working for

18  them would not exceed normal working hours.

19   102.   Upon information and belief, one of Defendants' purposes in making these false

20  representations to Ms. Doe was to induce her to leave Brazil and travel to the United States

21  where she would be employed by Defendants without being paid the minimum wages and

22  overtime premiums required by law.

23   103.   Upon information and belief, Defendants had no reasonable grounds for believing

24  their representations to be true.

25   104.   Upon information and belief, Defendants intended for Ms. Doe to rely on their

26  false statements and misrepresentations. Ms. Doe justifiably relied on Defendants'

27  misrepresentations in deciding to leave her home and son in Brazil and travel to the United

28  States.

1    105.   Ms. Doe was injured as a result of her reliance on Defendants' false statements

2    and misrepresentations, which subjected her to exploitation of her labor, and caused her to suffer

3    physical and emotional damages.  Ms. Doe is entitled to damages in an amount to be proven at

4    trial.

5                          **TWELFTH CLAIM FOR RELIEF**

6                              (Breach of Oral Contract)

7                 (Against Defendants Giuseppe Penzato and Kesia Penzato)

8    106.   Plaintiff hereby refers to and incorporates each and every allegation set forth in

9    the above paragraphs of this Complaint as though fully set forth herein.

10    107.   Defendants Kesia and Giuseppe Penzato and Ms. Doe agreed that, among other

11    terms, Ms. Doe would be paid $1,500 per month for the services she performed for Defendants

12    in the United States, that she would be provided room and board in Defendants' residence while

13    performing those services, that Defendants would pay for Ms. Doe's transportation from Brazil

14    to the United States, and that Ms. Doe would have reasonable working conditions while

15    employed by Defendants.

16    108.   Ms. Doe has duly performed each and every condition, covenant, promise and

17    obligation required on her part to be performed in accordance with the terms and conditions of

18    this oral contract.

19    109.   Defendants Kesia and Giuseppe Penzato materially breached their contract with

20    Ms. Doe by, among other things, not making the payments required by this oral contract, failing

21    to provide her with reasonable working conditions, and charging her for room and board and

22    transportation from Brazil to the United States.

23    110.   As a result of Defendants' breach of this contract, Ms. Doe has suffered damages

24    in an amount to be determined at trial.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTEENTH CLAIM FOR RELIEF**

(Breach of Written Contract)

(Against Defendant Giuseppe Penzato)

111.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

112.    Defendant Giuseppe Penzato and Ms. Doe agreed to the contract attached hereto as Exhibit A.

113.    Ms. Doe has duly performed each and every condition, covenant, promise and obligation required on her part to be performed in accordance with the material terms and conditions of this contract.

114.    Defendant Giuseppe Penzato materially breached this contract with Ms. Doe by, among other things, not making the payments required by this contract and failing to provide her with reasonable working conditions as specified by the contract, such as requiring Ms. Doe to work more than 35 hours per week, seven days a week, without vacation days, withholding her passport, failing to provide living quarters at Defendants' residence without charge, charging for inbound transportation, and failing to provide outbound transportation.  On information and belief, Defendant Giuseppe Penzato also failed to record the number of hours Ms. Doe worked daily and weekly.

115.    As a result of Defendant Giuseppe Penzato's breach of contract, Ms. Doe has suffered damages in an amount to be determined at trial.

**FOURTEENTH CLAIM FOR RELIEF**

(Breach of Covenant of Good Faith and Fair Dealing – Oral Contract)

(Against Defendants Giuseppe Penzato and Kesia Penzato)

116.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

117.    The oral contract between Ms. Doe and Defendants contains, by implication of law, a covenant of good faith and fair dealing.  Defendants Giuseppe Penzato and Kesia Penzato

1 | covenanted that they would not, in the performance or enforcement of Ms. Doe's contract,

2 | impair or frustrate the right of Ms. Doe to receive the benefits she had been promised.

3 |     118.   By, among other things, willfully failing to perform under this contract, failing to

4 | pay Ms. Doe the minimum wages and overtime premiums required by law, and/or subjecting Ms.

5 | Doe to unlawful working conditions, Defendants breached the implied covenant of good faith

6 | and fair dealing.

7 |     119.   As a result of the Defendants' breach of the implied covenant of good faith and

8 | fair dealing, Ms. Doe has been wrongfully denied the benefits of her oral contract and has

9 | sustained damages in an amount to be determined at trial.

10 | **FIFTEENTH CLAIM FOR RELIEF**

11 | (Breach of Covenant of Good Faith and Fair Dealing – Written Contract)

12 | (Against Defendant Giuseppe Penzato)

13 |     120.   Plaintiff hereby refers to and incorporates each and every allegation set forth in

14 | the above paragraphs of this Complaint as though fully set forth herein.

15 |     121.   The written contract between Ms. Doe and Defendant Giuseppe Penzato contains,

16 | by implication of law, a covenant of good faith and fair dealing. Defendant Giuseppe Penzato

17 | covenanted that he would not, in the performance or enforcement of Ms. Doe's contract, impair

18 | or frustrate the right of Ms. Doe to receive the benefits she had been promised.

19 |     122.   By, among other things, willfully failing to perform under this contract, failing to

20 | pay Ms. Doe the minimum wages and overtime premiums required by law, and/or subjecting Ms.

21 | Doe to unlawful working conditions, Defendants breached the implied covenant of good faith

22 | and fair dealing.

23 |     123.   As a result of the Defendant Giuseppe Penzato's breach of the implied covenant

24 | of good faith and fair dealing, Ms. Doe has been wrongfully denied the benefits of her written

25 | contract and has sustained damages in an amount to be determined at trial.

26 |

27 |

28 |

1

**SIXTEENTH CLAIM FOR RELIEF**

2

(Quantum Meruit)

3

(Against Defendants Giuseppe Penzato and Kesia Penzato)

4     124.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

5 the above paragraphs of this Complaint as though fully set forth herein.

6     125.    Defendants Giuseppe Penzato and Kesia Penzato were enriched by the services

7 performed by Ms. Doe at their request, which were not gratuitously rendered.

8     126.    By their actions, stated above, Defendants wrongfully failed to pay the amount

9 owed to Ms. Doe for services rendered.

10     127.    As a result, equity requires that Ms. Doe is entitled to an amount of compensation

11 to be determined at trial.

12

**SEVENTEENTH CLAIM FOR RELIEF**

13

(California Civil Code § 1708.5 – Sexual Battery)

14

(Against Defendant Giuseppe Penzato)

15     128.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

16 the above paragraphs of this Complaint as though fully set forth herein.

17     129.    Upon information and belief, Defendant Giuseppe Penzato acted with the intent to

18 cause harmful or offensive contact to Ms. Doe.

19     130.    Sexually offensive contact resulted from Mr. Penzato's actions.

20     131.    By his actions, Defendant Giuseppe Penzato caused Ms. Doe to imminently

21 apprehend sexually offensive contact.

22     132.    As a result of the Defendant Giuseppe Penzato's multiple sexual batteries, Ms.

23 Doe has sustained damages in an amount to be determined at trial.

24     133.    Upon information and belief, Defendant Giuseppe Penzato committed these acts

25 alleged herein maliciously and oppressively with the intention of injuring Ms. Doe and in

26 conscious disregard of Ms. Doe's rights. Ms. Doe is thus entitled to recover punitive damages

27 from Defendant Giuseppe Penzato in an amount to be determined at trial.

28

1                                 **EIGHTEENTH CLAIM FOR RELIEF**

2                                         (Battery)

3                  (Against Defendants Giuseppe Penzato and Kesia Penzato)

4     134.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

5 the above paragraphs of this Complaint as though fully set forth herein.

6     135.    Defendant Kesia Penzato intentionally touched Ms. Doe in a harmful or offensive

7 manner including, but not limited to, shaking, pushing, grabbing, slapping, and/or choking Ms.

8 Doe without consent on multiple occasions.

9     136.    Defendant Giuseppe Penzato intentionally touched Ms. Doe in a harmful or

10 offensive manner by touching her at night without her consent.

11     137.    As a result of the Defendants' multiple batteries, Ms. Doe has sustained damages

12 in an amount to be determined at trial.

13     138.    Upon information and belief, Defendants committed these acts alleged herein

14 maliciously and oppressively with the intention of injuring Ms. Doe and in conscious disregard

15 of Ms. Doe's rights. Ms. Doe is thus entitled to recover punitive damages from Defendants in an

16 amount to be determined at trial.

17                                   **NINETEENTH CLAIM FOR RELIEF**

18                                        (Assault)

19                (Against Defendants Giuseppe Penzato and Kesia Penzato)

20     139.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

21 the above paragraphs of this Complaint as though fully set forth herein.

22     140.    By her actions, Defendant Kesia Penzato intentionally caused Ms. Doe to

23 reasonably apprehend a harmful or offensive touching, including but not limited to, shaking,

24 pushing, grabbing, slapping, and/or choking. Defendant Kesia Penzato performed these acts

25 without consent on multiple occasions.

26     141.    By his actions, Defendant Giuseppe Penzato intentionally caused Ms. Doe to

27 reasonably apprehend a harmful or offensive touching without her consent, including, but not

28

1    limited to touching her in a sexual manner at night. Defendant Giuseppe Penzato performed

2    these acts without consent on multiple occasions.

3        142.    As a result of the Defendants' multiple assaults, Ms. Doe has sustained damages

4    in an amount to be determined at trial.

5        143.    Upon information and belief, Defendants committed these acts alleged herein

6    maliciously and oppressively with the intention of injuring Ms. Doe and in conscious disregard

7    of Ms. Doe's rights. Ms. Doe is thus entitled to recover punitive damages from Defendants in an

8    amount to be determined at trial.

9                      **TWENTIETH CLAIM FOR RELIEF**

10                          (Invasion of Privacy)

11                  (Against Defendant Giuseppe Penzato)

12        144.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

13    the above paragraphs of this Complaint as though fully set forth herein.

14        145.    Defendant Giuseppe Penzato, by entering the bedroom where Ms. Doe slept and

15    touching her, intruded upon Ms. Doe's physical seclusion.

16        146.    Such intrusion is highly offensive to a reasonable person.

17        147.    Ms. Doe had a reasonable expectation of privacy when lying in her own bed.

18        148.    By the actions alleged herein, Defendant Giuseppe Penzato directly and

19    proximately caused harm and damages to Ms. Doe.

20        149.    Upon information and belief, Defendant Giuseppe Penzato committed these acts

21    alleged herein maliciously and oppressively with the intention of injuring Ms. Doe. Ms. Doe is

22    thus entitled to recover punitive damages from Defendant Giuseppe Penzato in an amount to be

23    determined at trial.

24                    **TWENTY-FIRST CLAIM FOR RELIEF**

25              (Intentional Infliction of Emotional Distress)

26        (Against Defendants Giuseppe Penzato and Kesia Penzato)

27        150.    Plaintiff hereby refers to and incorporates each and every allegation set forth in

28    the above paragraphs of this Complaint as though fully set forth herein.

1    151.   Defendants engaged in extreme and outrageous conduct as set forth herein.

2    152.   Upon information and belief, Defendants knowingly, deliberately, and

3    intentionally committed the acts alleged in this Complaint against Ms. Doe and recklessly

4    disregarded the probability of causing Ms. Doe's emotional distress.

5    153.   Upon information and belief, Defendants each intentionally committed the acts

6    alleged in this Complaint against Ms. Doe and thereby caused Ms. Doe to suffer fear, depression,

7    humiliation, mental anguish, and severe emotional distress, directly and proximately causing

8    damage to Ms. Doe.

9    154.   Upon information and belief, Defendants committed the acts alleged in this

10   Complaint with the wrongful intention of injuring Ms. Doe with an improper motive amounting

11   to malice, in conscious disregard of Ms. Doe's rights.  Because Defendants' actions were willful,

12   wanton, malicious and oppressive, Ms. Doe is also entitled to an award of punitive damages.

13                          **TWENTY-SECOND CLAIM FOR RELIEF**

14                            (Negligent Infliction of Emotional Distress)

15                     (Against Defendants Giuseppe Penzato and Kesia Penzato)

16   155.   Plaintiff hereby refers to and incorporates each and every allegation set forth in

17   the above paragraphs of this Complaint as though fully set forth herein.

18   156.   Each of the Defendants owed Ms. Doe a duty to exercise ordinary care or skill in

19   the management of his or her property or person.

20   157.   Defendants breached their duties to Ms. Doe by negligently committing the acts

21   alleged in this Complaint against Ms. Doe and thereby caused Ms. Doe to suffer fear, depression,

22   humiliation, mental anguish, and severe emotional distress, directly and proximately causing

23   damage to Ms. Doe.

24                          **TWENTY-THIRD CLAIM FOR RELIEF**

25                                      (Negligence)

26                     (Against Defendants Giuseppe Penzato and Kesia Penzato)

27   158.   Plaintiff hereby refers to and incorporates each and every allegation set forth in

28   the above paragraphs of this Complaint as though fully set forth herein.

COMPLAINT                                    -23-

1    159. Defendants Giuseppe Penzato and Kesia Penzato owed a duty of care to Ms. Doe
2  as employers.

3    160. By failing to provide adequate working conditions, Defendants Kesia Penzato and
4  Giuseppe Penzato breached that duty of care. This breach includes, but is not limited to, forcing
5  Ms. Doe to clean without proper protection or ventilation.

6    161. By the actions alleged herein, Defendants directly and proximately caused harm
7  and damages to Ms. Doe.

8  **VI.  PRAYER FOR RELIEF**

9    WHEREFORE, Plaintiff respectfully prays that this Court enter judgment or issue an
10  order against Defendants, and each of them, as follows:

11    1.  Compensatory and special damages in an amount to be proven at trial;

12    2.  Unpaid wages, including minimum wages and overtime premiums, in an amount
13  to be proven at trial;

14    3.  Statutory penalties and liquidated damages according to proof at time of trial;

15    4.  Punitive and exemplary damages in an amount according to proof at the time of
16  trial;

17    5.  For double damages pursuant to California Labor Code § 970;

18    6.  For treble damages pursuant to California Penal Code §236.1 and California Civil
19  Code § 52.5;

20    7.  Pre- and post- judgment interest;

21    8.  Reasonable attorneys' fees and costs; and

22    9.  Such other and further relief as the Court deems just and proper.

23

24

25

26

27

28

COMPLAINT                                          -24-

1  **VII.    JURY TRIAL DEMAND**

2          Plaintiff hereby demands a jury trial on all issues so triable.

3

4

5  Dated: November 12, 2010                    WILSON SONSINI GOODRICH & ROSATI

6                                              A Professional Corporation

7

8                                              By: _Terry Kearney /CEW/_____
                                                   Terry Kearney (tkearney@wsgr.com)
9
                                               Attorneys for Plaintiff
10                                             JANE DOE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## EMPLOYMENT AGREEMENT

This agreement dated June 1st, 2009 (the "**Agreement**"), is entered into

**By and between:**

**Giuseppe PENZATO,** hereinafter referred to as "The Employer", residing at 650 Chestnut Street Apt. 302, San Francisco, California 94133.

**and**

REDACTED , born on REDACT, 1980 in Parapua' (Sao Paulo) Brazil and residing at REDACTED , hereinafter referred to as "The Employee"

### Whereas:

(A)     Employee is engaged in the business of supplying the services of housekeeper and child care to the employer's (the "Business");

(B)     Employee desires to perform the Activity (as defined in Section I below) and render the Activity to Employer at his residence in San Francisco as stated above, and Employer desires to retain the services of Employee to perform and render the Activity pursuant to the terms and conditions described herebelow.


**NOW IT IS HEREBY AGREED** as follows:

### 1.     Activity (duties) of the Employee

(1)     The Employee agrees to perform the normal activities of an housekeeper and child care to be performed at Employer's residence. The Employee shall not leave her place of work during working hours without first obtaining the permission of the Employer. Employment will start as soon as the Employee will secure an A/3 Visa.


### 2.     Hours of work and overtime

2.1     The guaranteed number of work hours per week is 35 per week. From time to time the Employer may request that Employee perform some hours of work on Saturday but in no event shall the total hours in any work week exceed 35 hours. Employee will not be required to work overtime.

2.2     Regular days off are Saturday (except as stated above in section 2.1) and Sunday.

2.3     The Employee will not be required, as a condition of employment, to remain on the Employer's premises other than during regular working hours.

**3. Term**

This Agreement shall commence on the date hereof and shall extend for four years at the end of which, The Employer shall be entitled either to terminate this Agreement or renew this Agreement for additional one year terms (the "Employment Period").

**4. Compensation**

For the duration of the Agreement, Employer shall pay to Employee, as compensation for performing his obligations hereunder, a monthly wage of $1,500.00 (one thousand five hundred). The salary shall be paid in twice monthly installments of $ 750.00 (seven hundred fifty dollars) each.

**5. Board and Lodging**

Employer shall provide Employee with living quarters at the Employer's residence without charge. The Employee shall not receive any visitors at the work place without the prior knowledge and consent of the Employer.

**6. Vacation days and Sick leave**

Employee shall be entitled to fifteen (15) days of paid vacation at such time as may be agreed by Employer and Employee. Employee shall also have as a holiday the following: January 1st, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day. Employee shall be entitled to ten (10) days of paid days for illness per year.

**7. Employment Relationship**

7.1 Employee expressly acknowledges that any Activity performed by her pursuant to this Agreement shall be rendered as an employee of Employer.

7.2 Employee expressly acknowledges that she is not a Consulate Officer employed by Employer nor its agent and that she does not benefit from any of the protections granted by any International Agreements and International Law to the employees of a Foreign Mission in the performance of their duties.

7.3 Employee further acknowledges that Employer because of its status as a Foreign Mission Officer is not required to withhold any taxes on behalf of Employee nor to make contributions to her Social Security.

7.4 Employee acknowledges and agrees to comply with all applicable laws pertaining to his employment with the Employer and he has sole and personal responsibility to pay all Federal and State taxes due from his employment with Employer. Under no circumstances whatsoever shall

Employer be obligated to bear any tax, social security contribution or any other governmental charge that Employee may be required to pay as a result of executing this Agreement or the performance by his of the Activity and obligations hereunder.

7.5   For the duration of this Agreement and his employment with Employer, the Employee agrees not to accept any other employment while In the United States on an A-3 Visa and to dedicate herself exclusively to perform the services of a housekeeper for the Employer. Employer agrees to assist Employee to extend her Visa and to renew her passport prior to expiration.

7.6   The Employer agrees not to withhold for any reason the Employee's passport, visa, I-94, copy of this contract and other personal property of Employee.

## 8.   Confidentiality

The Employee acknowledges that the particular nature of the activities performed by Employer requires that Employee will maintain the strictest confidentiality on any information pertaining to the official business and security issues of the Employer. The obligation of confidentiality continues after the termination of this Agreement.

## 9.   Termination

9.1   This Agreement can be terminated prior to its normal expiration by either of the parties by written notice in which case, the Agreement shall be terminated 15 (fifteen) days after receipt of the notice. Employer may elect to terminate the employment immediately and without notice by paying Employee fifteen days of wages in advance.

9.2   If, for any reason, Employee is prevented for more than 20 (twenty) consecutive calendar days (excluding holidays) from rendering to Employer the Activity, Employer may immediately terminate this Agreement without further notice.

9.3   Termination of this Agreement shall end all obligations of either party hereunder, including without limitation, any obligation of Employer to make payments hereunder to Employee pursuant to Section 4 hereof, with the sole exception of Sections 7, 12 and 13 which shall survive termination of this Agreement.

## 10.   Assignment

This Agreement shall inure only to the benefit of each party. Neither party may assign any of its or his rights or obligations hereunder.

## 11. Amendments and Waivers

All amendments or waivers to any provisions of this Agreement shall be in writing and signed by the party against whom enforcement of the waiver or amendment is sought. A waiver by either party of any breach of any of the provisions hereof shall not be deemed a waiver of any succeeding breach of such provision or as a waiver of any other provision.

## 12. Severability

If any provision of this Agreement shall be held null or unenforceable by any competent tribunal, court or governmental authority: (i) the parties agree to negotiate in good faith to adapt such provision, its application and/or this Agreement generally only to the extent necessary to render this Agreement valid and enforceable in a manner that most closely and practicably respects the original intent of the parties; and (ii) the remaining provisions of this Agreement shall not in any way be affected or impaired.

## 13. Law Governing

Consistent with Article 41 of the Vienna Convention on Diplomatic Relations or Article 55 of the Vienna Convention on Consular Relations, and without prejudice to privileges and immunities afforded thereunder, the Employer will be bound by all applicable laws of the United States and the State of California. This Agreement shall be further governed by the internal laws of the State of California, USA.

## 14. Jurisdiction

All disputes arising in connection with the Agreement shall be of exclusive jurisdiction of the courts of the State of California, USA.

## 15. Notices

All notices, requests, consents, demands and other communications to be given or delivered under or by reason of the provisions of this Agreement shall be in the English or Italian language, in writing and (a) personally delivered, (b) sent by postage prepaid registered mail or (c) transmitted by telex or facsimile, and shall be deemed to have been duly given when received.

For Employer: 650 Chestnut Street, apt. 302 San Francisco, CA 94133

For Employee:650 Chestnut Street, apt. 302 San Francisco, CA 94133

Notice may be made to such other person or at such other place as either of the parties may from time to time notify the other party as provided herein.

16. **Documentation**

The Employer will maintain for the duration of actual employment and for a reasonable subsequent amount of time:

a) The Employee's full name, date of birth, gender and occupation;

b) The Employee's home address and telephone number in the United States;

c) A record of the number of hours worked daily and weekly.

17. **Captions**

The captions in this Agreement are for convenience only and shall not be deemed a part of or affect the construction or interpretation of any provision of this Agreement.

18. **Miscellaneous**

Employer will provide Employee, at Employer's own expense, with transportation, free of charge, to the United States at the beginning of the Employee's employment and to the country of Employer's onward assignment or to the Employee's country of normal residence at the termination of Employee's assignment.   This provision shall continue to apply in the event that this Agreement expires or is terminated by either party and regardless of the reason for termination.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**Employer**

**Employee**      REDACTED