TERRY KEARNEY, State Bar No. 160054
CAROLINE E. WILSON, State Bar No. 241031
LISA K. NGUYEN, State Bar No. 244280
JENNIFER M. MARTINEZ, State Bar No. 262081
MICHAEL D. K. NGUYEN, State Bar No. 264813
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: tkearney@wsgr.com

CINDY LIOU, State Bar No. 252161
ASIAN PACIFIC ISLANDER LEGAL OUTREACH
1121 Mission Street
San Francisco, California 94103
Telephone: (415) 567-6255
Facsimile: (415) 567-6248
Email: cliou@apilegaloutreach.org

*Attorneys for Plaintiff*
JANE DOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | CASE NO.: 3:10-cv-05154-MEJ |
| Plaintiff, | **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO PROCEED UNDER A PSEUDONYM** |
| v. | |
| GIUSEPPE PENZATO, an individual; KESIA PENZATO, an individual, | Date: May 26, 2011<br>Time: 10:00 am<br>Courtroom: B - 15th Floor |
| Defendants. | |

TO DEFENDANTS and THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Thursday, May 26, 2011 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Maria-Elena James, in Courtroom B, located on the 15th floor of 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Jane Doe will and hereby does move for a protective order and to proceed under a pseudonym.

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Jane Doe ("Ms. Doe") moves this Court to allow her to proceed under a pseudonym and to enter a Protective Order preventing the public disclosure of her identity by Defendants in order to protect her privacy and safety. A proposed Protective Order is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

On November 12, 2010, Ms. Doe filed her Complaint against Defendants Giuseppe Penzato and Kesia Penzato. Dkt. No. 1 In that complaint, Ms. Doe describes the serious harm she suffered as a result of her employment by the Penzatos, including injury she received as a victim of human trafficking, forced labor, sexual battery, and invasion of privacy. *Id*. Plaintiff filed her complaint under a pseudonym in order to protect her privacy, and prevent further harm. Plaintiff has also moved into temporary housing for victims of violence. Plaintiff's Dec. ¶ 3.

The Complaint was served on Defendants on February 11, 2011. Dkt. Nos. 6-7. On or around March 1, 2011, Defendants' counsel, Mia Blackler, contacted Plaintiff's counsel. Wilson Dec. ¶ 3. Ms. Blackler informed Plaintiff's counsel that she intended to reveal Ms. Doe's identity in Defendants' response to the Complaint. *Id.* The parties met and conferred regarding whether Ms. Doe's identity should remain confidential. *Id.* Ultimately, Defendants retained their position that Ms. Doe's identity should not remain confidential, but agreed the matter may proceed under a pseudonym until the present motion is decided. *Id.* To prevent that public revelation of Ms. Doe's identity, and the attendant harm, Ms. Doe files this Motion for Leave to Proceed under a Pseudonym and for the Entry of a Protective Order.

# ARGUMENT

## I. THE COURT HAS DISCRETION TO PERMIT A PARTY TO PROCEED UNDER A PSEUDONYM TO PROTECT THE PARTY FROM INJURY

Although the public has a right of access to judicial proceedings, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The use of pseudonyms is appropriate where it is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *U.S. v. Doe*, 655 F.2d 920, 922 (9th Cir. 1981).

In particular, courts have consistently allowed a party to proceed anonymously to protect the party's privacy. *See Doe v. Madison School Dist. No. 321*, 147 F.3d 832, 833 n.1 (9th Cir. 1998)*, vacated on other grounds*, 177 F.3d 789 (9th Cir. 1999) (en banc) (allowing plaintiff to file as "Jane Doe" when challenging a school's policy to allow students to inject prayers and religious songs into the graduation program because she "feared retaliation by the community"); *see also Advanced Textile Corp*, 214 F.3d. at 1067 n.9 ("The Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy."); *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) ("A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved.").

## II. MS. DOE'S NEED FOR ANONYMITY OUTWEIGHS THE PRESUMPTION OF OPENNESS IN THIS CASE

Ms. Doe requests leave to proceed under a pseudonym for two reasons: First, Ms. Doe's injury arises out of sensitive and personal matters involving human trafficking, sexual battery, and invasion of privacy. Without the ability to proceed under a pseudonym, Ms. Doe's injury would be exacerbated. Second, Ms. Doe currently resides in transitional housing with other victims of violence. In order to maintain the safety of all residents, Ms. Doe's identity should be protected.

### A. The Sensitive And Personal Nature Of Ms. Doe's Claims Justify Allowing The Case to Proceed Under A Pseudonym

Where litigation involves "matters of a sensitive and highly personal nature," the affected party may proceed under a pseudonym. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979); *see also Rostker*, 89 F.R.D. at 162 ("A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved."). In *National Commodity & Barter Association v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989), the court declared:

> In certain limited circumstances … courts have permitted a plaintiff to proceed using a fictitious name where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name.

Here, the circumstances justify permitting Ms. Doe to remain anonymous. This litigation involves matters of a highly sensitive and personal nature to Ms. Doe, including the emotional and psychological impact of being a victim of human trafficking and sexual battery. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 194 (E.D.N.Y. 2006) (citing *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir.1997)) ("sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity"). As a result of her experiences with the Penzatos, Ms. Doe suffers from psychological and emotional trauma. *See* Plaintiff's Dec. ¶ 2. If her name were made public, opening her to inquiries from the press and other interested individuals, Ms. Doe's ability to recover from her trauma would be compromised. *Id*. And her privacy, already severely invaded by the Penzatos, would again be at risk.

### B. Proceeding Under A Pseudonym Is Necessary To Protect Ms. Doe and the Victims of Violence With Whom She Resides from Unwanted Public Exposure

Ms. Doe currently resides in a facility which houses many women who have been victims of violence. Plaintiff's Dec. ¶ 3. If Ms. Doe's name is made public, she will be subjected to additional scrutiny, including possibly from the media. In such circumstances, Ms. Doe fears bringing unwanted attention to herself and her fellow victims. *Id*. Allowing Plaintiff to proceed anonymously will protect her privacy and the privacy of those around her as they attempt to rebuild their lives.

Ms. Doe also fears harm from the Penzatos if her current location is revealed, even under seal. *Id*. Accordingly, Ms. Doe seeks an additional order allowing any documents revealing the location where she currently lives to be filed or produced in redacted form.

### C. The Public Interest Is Served By Allowing Ms. Doe To Proceed Under A Pseudonym

While there is a public interest in having open judicial proceedings, the public also has an interest in seeing that certain lawsuits proceed anonymously that would not otherwise go forward. In *Advanced Textile*, the Ninth Circuit held that the public interest in the enforcement of the Federal Labor Standards Act ("FLSA") justified allowing the plaintiff to proceed anonymously. *See Advanced Textile Corp.*, 214 F.3d at 1072-73. Here, Ms. Doe alleges multiple violations of the FLSA. Similarly, there is a public interest in encouraging victims of human trafficking, such as Ms. Doe, to enforce their rights.[1] Allowing Ms. Doe to proceed under a pseudonym would encourage similar victims of human trafficking to enforce their rights without fear of additional trauma and privacy violations.

## III. DEFENDANTS WILL SUFFER NO PREJUDICE BY ALLOWING THE PLAINTIFF TO PROCEED ANONYMOUSLY

Defendants will not be prejudiced if Ms. Doe is permitted to proceed anonymously. Ms. Doe's identity is already known to Defendants. Nothing in Plaintiff's proposed protective order would prevent Defendants from seeking discovery or preparing or presenting their case. Thus, shielding her identity from the general public would present no obstacle to Defendants' ability to mount a defense. *See Roe v. St. Louis Univ.*, Case No. 4:08CV1474, 2009 WL 910738, at *5 n.5 (E.D. Mo. Apr. 2, 2009) (allowing plaintiff to proceed anonymously where defendant's ability to seek discovery and challenge plaintiff's credibility was not impaired).

---

[1] This action is in part brought under the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, 122 Stat 5044 (2008). Senator Dick Durbin, one of the Act's sponsors, stated that the Act was designed to "strengthen the Federal Government's ability to prosecute traffickers, protect trafficking victims, and prevent future crimes." 154 Cong. Rec. S10936 (daily ed. Dec. 11, 2008) (statement of Senator Richard Durbin).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant her Motion for the Entry of a Protective Order and to Proceed Under a Pseudonym.

Dated: March 23, 2011

WILSON SONSINI GOODRICH & ROSATI
A Professional Corporation

By: /s Caroline Wilson
    Caroline Wilson (cwilson@wsgr.com)

Attorneys for Plaintiff
JANE DOE