1  BUCHALTER NEMER
   A Professional Corporation
2     MIA S. BLACKLER (SBN:  188112)
   333 Market Street, 25th Floor
3  San Francisco, CA  94105-2126
   Telephone: (415) 227-0900
4  Facsimile: (415) 227-0770
   Email:  mblackler@buchalter.com
5
   BUCHALTER NEMER
6  A Professional Corporation
      JOSHUA MIZRAHI (SBN:  227639)
7  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA  90017-2457
8  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
9  Email:  jmizrahi@buchalter.com

10 Attorneys for Defendants
   GIUSEPPE PENZATO and KESIA PENZATO
11
                 **UNITED STATES DISTRICT COURT**
12
               **NORTHERN DISTRICT OF CALIFORNIA**
13
                   **SAN FRANCISCO DIVISION**
14

15 JANE DOE,                          | Case No. CV 10 5154

16             Plaintiff,             | **ANSWER AND AFFIRMATIVE DEFENSES
                                      | OF DEFENDANTS GIUSEPPE PENZATO
17     v.                             | AND KESIA PENZATO TO PLAINTIFF
                                      | JANE DOE'S COMPLAINT**
18 GIUSEPPE PENZATO, an individual; and
   KESIA PENZATO, an individual,
19
              Defendants.
20

21         Defendants Giuseppe Penzato and Kesia Penzato ("Defendants"), by and through their

22 attorneys, answers the Complaint of Plaintiff Jane Doe[1] ("Plaintiff") as follows:

23 **I.    INTRODUCTION**

24         1.    Ms. Doe was the victim of human trafficking at the hands of Defendants Giuseppe

25 Penzato ("Mr. Penzato") and Kesia Alves Penzato ("Mrs. Penzato") (collectively, "the

26 Penzatos").

27 _____

28 [1] Pursuant to Stipulation, the Penzatos have temporarily agreed to this conditional filing naming pending Plaintiff's
   motion for a protective order to proceed under pseudonym.   Jane Doe has agreed pursuant to this Stipulation that the
   temporary designation of Jane Doe in no way constitutes the Penzatos' consent to this case proceeding.

1    **ANSWER:    Defendant denies all allegations in Paragraph 1.**

2         2.    Mr. and Mrs. Penzato knowingly and willfully conspired to lure and lured Ms. Doe

3    from her home in Brazil with false promises of a lucrative housekeeping job in San Francisco,

4    California. Defendants subjected Ms. Doe to intimidation, assault, and involuntary servitude.

5    **ANSWER:    Defendant denies all allegations in Paragraph 2.**

6

7         3.    Ms. Doe brings this civil action under the Trafficking Victims Protection

8    Reauthorization Act of 2008 ("the TVPRA"), the California Labor Code, the Fair Labor

9    Standards Act ("FLSA"), California common law, and other provisions of federal and state law.

10   By this complaint, Ms. Doe seeks redress for these violations of her basic human and civil rights.

11   **ANSWER:    Defendant denies the allegations in Paragraph 3 insofar as they purport to
12               make any allegation of wrongdoing by Defendants under said statutes.
               Defendants deny any liability to Plaintiff under any of these statutes and deny
13             the remaining allegations.**

14   **II.    JURISDICTION AND VENUE**

15        4.    Jurisdiction of the subject matter of this action is established under 28 U.S.C.

16   § 1331, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Trafficking Victims

17   Protection Reauthorization Act, 18 U.S.C. § 1589 *et seq.*

18   **ANSWER:    Because Paragraph 4 states a conclusion of law, no answer is required.  If any
19               answer is required, Defendants deny any liability to Plaintiff.**

20        5.    This Court has supplemental jurisdiction over the related state law claims asserted

21   herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. § 1367. Supplemental

22   jurisdiction over those claims is appropriate because they arise from the same common nucleus of

23   operative facts from which the federal claims arise.

24   **ANSWER:    Because Paragraph 5 states a conclusion of law, no answer is required.  If any
25               answer is required, Defendants deny any liability to Plaintiff.**

26        6.    This Court has personal jurisdiction over the Defendants by virtue of the fact that

27   all Defendants reside in this District.

28

1    <u>**ANSWER:**</u>    **Because Paragraph 6 states a conclusion of law, no answer is required.**
2                          **Defendants admit that they reside in this District.**

3            7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all the

4    Defendants reside in this District, and because a substantial part of the acts and omissions giving

5    rise to the claims occurred in this District.

6    <u>**ANSWER:**</u>    **Because Paragraph 7 states a conclusion of law, no answer is required.**
7                          **Defendants admit that they reside in this District.**

8    **III.    <u>PARTIES</u>**

9            8.      Plaintiff Ms. Doe is, and at all times relevant was, a citizen of Brazil. Ms. Doe

10   currently resides in San Francisco, California. Before being brought to the United States in

11   August 2009, Ms. Doe resided in Brazil.

12   <u>**ANSWER:**</u>    **Defendants are without knowledge or information sufficient to form a belief**
13                         **as to the truth of the allegations of this paragraph and on that basis deny such**
                           **allegations.**
14

15           9.      Upon information and belief, Defendant Giuseppe Penzato is, and at all relevant

16   times was, a citizen of Italy. Upon information and belief, Mr. Penzato currently resides in San

17   Francisco, California. Upon information and belief, Mr. Penzato is an employee of the Consulate

18   General of Italy in San Francisco. Mr. Penzato is, and at all relevant times, an employer pursuant

19   to the FLSA and the California Labor Code.

20   <u>**ANSWER:**</u>    **Admit that Defendant Giuseppe Penzato is a citizen of Italy, resides in San**
21                         **Francisco, California and is an employee of the Consulate General of Italy in**
                           **San Francisco.  Because the remaining allegation of Paragraph 9 states a**
22                         **conclusion of law, no answer is required.**

23           10.     Upon information and belief, Defendant Kesia Penzato is, and at all relevant times

24   was, a citizen of Brazil. Upon information and belief, Mrs. Penzato currently resides in San

25   Francisco, California. Upon information and belief, Mrs. Penzato is married to Mr. Penzato. Mrs.

26   Penzato is, and at all relevant times, an employer pursuant to the FLSA and the California Labor

27   Code.

28

**ANSWER:**   **Admit that Defendant Kesia Penzato is a citizen of Brazil, resides in San Francisco, California and is married to Mr. Penzato.  Because the remaining allegation of Paragraph 10 states a conclusion of law, no answer is required.**

## IV.    FACTUAL ALLEGATIONS

11.    Ms. Doe met Mrs. Penzato when they were both adolescents in Brazil. While they had been childhood friends, they had lost touch over the years. In approximately December 2008, years after they had last spoken, Mrs. Penzato contacted Ms. Doe through a social networking Internet website.

**ANSWER:**   **Defendants admit that Ms. Doe and Mrs. Penzato met when they were minors in Brazil, that they were childhood acquaintances, and that they lost touch over the years.  Defendants admit that Ms. Doe and Mrs. Penzato reconnected through an Internet website, but deny that Mrs. Penzato initiated such contact.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis deny such allegations.**

12.    Mrs. Penzato told Ms. Doe that she was married to an Italian diplomat living in San Francisco and stated that her life in the United States was better than it had been in Brazil. Mrs. Penzato urged Ms. Doe to move to the United States, promising her that her life would likewise improve. Mrs. Penzato stated that Ms. Doe would be able to earn more as a housekeeper in the United States than she was earning as a government employee in Brazil.

**ANSWER:**   **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny such allegations.**

13.    To that end, Mrs. Penzato offered Ms. Doe a job assisting with the care of the Penzato children. Mrs. Penzato told Ms. Doe that, because her husband was a diplomat, she could arrange for Ms. Doe to receive a visa to come to the United States. Mrs. Penzato also told Ms. Doe, among other things, that if she came to the United States, she would have the means and the time while working for the Penzatos to attend school to become a nurse. In addition, Mrs. Penzato promised Ms. Doe that she could seek housework from other employers in the United States. Mrs. Penzato offered to pay Ms. Doe $1,500 U.S.D. per month, and to provide her with free room and

board at the Penzato home. The Penzatos also promised to pay for Ms. Doe's transportation to the United States. Ms. Doe accepted the offer.

**ANSWER:**   **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny such allegations.**

14.    In order to facilitate Ms. Doe's entry into the United States, Mr. and Mrs. Penzato sent Ms. Doe an employment contract (hereinafter "First Contract"). A true and redacted copy of the First Contract is attached hereto as Exhibit A.

**ANSWER:**   **Because Paragraph 7 states a conclusion of law, no answer is required.**

15.    The First Contract specified that Ms. Doe would work for the Penzatos as a child caretaker and housekeeper for a maximum of 35 hours per week. It further specified that Mr. Penzato would pay Ms. Doe $1,500 per month for her services, and that Ms. Doe would not be required to work on Saturdays and Sundays, except in limited circumstances. Ex. A, ¶¶ 1(1), 2.1, 2.2, 4, 5. The First Contract also specified that Mr. Penzato would provide transportation at no cost to Ms. Doe, from Brazil to the United States at the beginning of the employment and from the United States to Brazil or another location of Ms. Doe's choosing at the termination of the employment. *Id.*, 18. In addition, the First Contract stated that Mr. Penzato would provide Ms. Doe with housing without charge. *Id.*, ¶¶ 4, 5.

**ANSWER:**   **The document speaks for itself; therefore, no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny such allegations.**

16.    Using his status as an employee of the Italian Consulate, Mr. Penzato arranged for Ms. Doe to come to the United States on an "A3" visa. Mr. and Mrs. Penzato traveled to Brazil to meet Ms. Doe. On or around August 24, 2009, Ms. Doe left Brazil for the United States with Mr. and Mrs. Penzato. On or around August 25, 2009, Ms. Doe arrived in San Francisco, California.

**ANSWER:**   **Admit.**

17.     After arriving in the United States, Mr. Penzato obtained control of Ms. Doe's passport and her other identification documents.

**ANSWER:**     **Deny.**

18.     From the beginning of the employment, Mr. and Mrs. Penzato breached their agreement to limit Ms. Doe's work to 35 hours per week. On a regular basis, Ms. Doe would work from approximately 6:00 a.m. until 9:00 p.m. Ms. Doe would also be forced to work Saturdays and Sundays in contravention of her employment agreement. Ms. Doe would routinely work over 60 hours per week.

**ANSWER:**     **Deny.**

19.     Shortly after she arrived and started working in the Penzato house, Mr. and Mrs. Penzato informed Ms. Doe that she would also work part time (approximately 5 hours per day, twice per week) in the home of Marcello Curci ("Mr. Curci") and Marina Curci ("Mrs. Curci") (collectively, "the Curcis"). In return for her labor, Mr. Curci promised Ms. Doe $18 per hour for her work. An accounting of the amount owed to Ms. Doe by the Curcis was never given to her. During the relevant period, Ms. Doe was not paid directly by the Curcis for her work, but instead was informed by Mr. Penzato that he was providing her with payments he received from Mr. Curci.

**ANSWER:**     **Deny.**

20.     While working for the Penzatos, Ms. Doe was given almost no rest breaks. On most days, she was given little opportunity to eat until dinner. Mrs. Penzato would restrict Ms. Doe's access to food.

**ANSWER:**     **Deny.**

21.     Ms. Doe was forced to clean using harsh chemicals in unventilated areas without gloves or breathing protection, which caused damage to her skin and caused her to be nauseated.

**ANSWER:**     **Deny.**

22.     In addition, Ms. Doe's freedom of movement was restricted. Ms. Doe had little ability to come and go from the house without permission.

**ANSWER:     Deny.**

23.     During the time of Ms. Doe's employment, Mr. Penzato possessed and controlled Ms. Doe's passport. On at least one occasion, Ms. Doe requested Mr. Penzato return her passport. Mr. Penzato failed to return Ms. Doe's passport at that time, and it remained in his possession and control.

**ANSWER:     Deny.**

24.     Mr. and Mrs. Penzato often told Ms. Doe that because they were diplomats, they lived in a "little Italy" and therefore the laws of the United States did not apply to them. Mr. and Mrs. Penzato told Ms. Doe on numerous occasions that they were immune from prosecution because they were diplomats.

**ANSWER:     Deny.**

25.     On or around the end of September 2009 or the beginning of October 2009, Ms. Doe was paid $500 for her services rendered to the Penzatos. In addition to the $500 of pay, Mr. Penzato extended Ms. Doe a credit of $100. At this time, Mr. Penzato informed Ms. Doe that she allegedly owed a "debt" to the Penzatos. The credit of $100 would increase this "debt."

**ANSWER:     Defendants admit that Ms. Doe received a check for $500 but deny the remaining allegations of this Paragraph 25.**

26.     Ms. Doe never received any other payment for her work in the Penzato household. On one occasion, Mr. Penzato took Ms. Doe to a bank and forced her to cash a check he had made out in her name. He then forced her to give him all of the cash she had just received.

**ANSWER:     Defendants admit that Ms. Doe accompanied Mr. Penzato to a bank to cash a check, but deny the remaining allegations of this Paragraph 26.**

**ANSWER TO COMPLAINT**

27.     On or around October 24, 2009, Ms. Doe complained to Mr. and Mrs. Penzato about the breaches of their agreement and the conditions under which she worked. Mr. and Mrs. Penzato again told Ms. Doe of a purported "debt" that she owed them and that she had to find some way to satisfy this debt.

**ANSWER:     Deny.**

28.     Mr. and Mrs. Penzato then told Ms. Doe to sign a second employment contract that the Penzatos had drafted. Ms. Doe refused. Mrs. Penzato then physically attacked Ms. Doe, pushing and striking Ms. Doe until Ms. Doe executed the contract (the "Second Contract"). Ms. Doe was never provided with a copy of the Second Contract.

**ANSWER:     Defendants admit that a Second Contract was signed the Defendants and Ms. Doe, but deny the remaining allegations of this Paragraph 28.**

29.     In late October 2009, Mr. Penzato began to assault and sexually molest Ms. Doe. At night, without consent or provocation, Mr. Penzato would enter the bedroom where Ms. Doe slept and touch her inappropriately in a sexual manner. During these incidents, Ms. Doe would pretend to be asleep. These incidents continued to occur until the day Ms. Doe left the Penzato household.

**ANSWER:     Deny.**

30.     In mid-November, Ms. Doe informed the Penzatos of her intention to leave their employment. In response, Mr. Penzato threatened to cancel Ms. Doe's visa and stated that the Penzatos would provide Ms. Doe with no further pay. Mr. Penzato stated that the Penzatos owed Ms. Doe nothing for her services because the "debt" she owed the Penzatos exceeded the money she had earned. Mr. Penzato wrote numbers on a piece of paper and provided it to Ms. Doe as an "accounting" of this alleged debt. Mr. Penzato further demanded that Ms. Doe call Mr. Curci and tell Mr. Curci that because Ms. Doe owed the Penzatos a "debt," Mr. Curci was to pay Mr. Penzato any money Mr. Curci owed for her services. During this incident, Mrs. Penzato shook and struck Ms. Doe.

1     <u>**ANSWER:**</u>    **Deny.**

2

3       31.     Ms. Doe left the Penzato household on or around November 20, 2009.

4 <u>**ANSWER:**</u>    **Admit.**

5 **V.**     <u>**CLAIMS FOR RELIEF**</u>

6 **FIRST CLAIM FOR RELIEF**

7

8 (**Trafficking Victims Protection Reauthorization Act, Forced Labor,<br>18 U.S.C. §§ 1589, 1595)<br>(Against Defendants Giuseppe Penzato and Kesia Penzato)**

9

10       32.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

11

12 <u>**ANSWER:**</u>    **Defendants restate their answers to Paragraphs 1-31 in answer to this paragraph.**

13

14       33.     Upon information and belief, Defendants knowingly obtained Ms. Doe's services using serious harm, threats of serious harm, force, threats of force, and physical restraint.

15

16 <u>**ANSWER:**</u>    **Deny.**

17       34.     Upon information and belief, Defendants knowingly obtained Ms. Doe's services

18 by their scheme, plan or pattern intended to cause Ms. Doe to believe that, if she did not perform

19 the labor or services Defendants requested, she would suffer serious harm or physical restraint.

20 <u>**ANSWER:**</u>    **Deny.**

21

22       35.     Upon information and belief, Defendants knowingly obtained Ms. Doe's services

23 by means of the abuse or threatened abuse of the law or the legal process.

24 <u>**ANSWER:**</u>    **Deny.**

25

26       36.     Defendants used force, threats and intimidation to require Ms. Doe to perform

27 labor and provide services to them without paying her the compensation required by law.

28 <u>**ANSWER:**</u>    **Deny.**

37.     Upon information and belief, Defendants knowingly benefited from the services provided by Ms. Doe obtained by the above means.

**ANSWER:**     **Deny.**

38.     As a result of Defendants' conduct, Ms. Doe has suffered damages in an amount to be determined at trial.

**ANSWER:**     **Deny.**

39.     Pursuant to 18 U.S.C. § 1595, Ms. Doe is entitled to recover damages and reasonable attorneys' fees for Defendants' wrongful conduct.

**ANSWER:**     **Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

**SECOND CLAIM FOR RELIEF**

**(Trafficking Victims Protection Reauthorization Act
Trafficking Into Servitude, 18 U.S.C. §§ 1590, 1595)
(Against Defendants Giuseppe Penzato and Kesia Penzato)**

40.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**     **Defendants restate their answers to Paragraphs 1-40 in answer to this paragraph.**

41.     Upon information and belief, as set forth herein, Defendants knowingly recruited, harbored, transported, provided, and obtained Ms. Doe to provide labor and services to each of Defendants in violation of 18 U.S.C. § 1589.

**ANSWER:**     **Because Paragraph 41 states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

42.     As a result of Defendants' conduct, Ms. Doe has suffered damages in an amount to be determined at trial.

**ANSWER:**     **Deny.**

43.     Pursuant to 18 U.S.C. § 1595, Ms. Doe is entitled to recover damages and reasonable attorneys' fees for Defendants' wrongful conduct.

**ANSWER:**    **Because Paragraph 43 states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

### THIRD CLAIM FOR RELIEF

**(California Trafficking Victims Protection Act,
California Penal Code § 236.1, Cal. Civ. Code § 52.5)
(Against Defendants Giuseppe Penzato and Kesia Penzato)**

44.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**    **Defendants restate its answers to Paragraphs 1-43 in answer to this paragraph.**

45.     Upon information and belief, as set forth herein, Defendants knowingly and substantially restricted the personal liberty of Ms. Doe through fraud, deceit, coercion, duress, menace, and threat of unlawful injury to Ms. Doe, causing Ms. Doe to reasonably believe it likely that Defendants would carry out their threats. Defendants brought Ms. Doe into their employ by using fraud, repeatedly threatened her with injury, and knowingly destroyed, concealed, removed, confiscated, or possessed Ms. Doe's passport and identification documents in order to keep Ms. Doe from leaving Defendants' employment. Defendants' fraud and psychological and emotional coercion was conduct that would and did reasonably overbear the will of Ms. Doe.

**ANSWER:**    **Deny.**

46.     Defendants substantially restricted the personal liberty of Ms. Doe in order to obtain forced labor and services from her.

**ANSWER:**    **Deny.**

47.     As a result of Defendants' conduct, Ms. Doe is a victim of human trafficking as defined in § 236.1 of the California Penal Code. Ms. Doe has suffered damages and, pursuant to

California Civil Code § 52.5, is entitled to recover actual, compensatory, and punitive damages as well as reasonable attorneys' fees for Defendants' wrongful conduct.

**ANSWER:**     **Because Paragraph 47 states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

48.     Defendants' violation of California Civil Code § 52.5 entitles Ms. Doe to recover up to three times her actual damages, or ten thousand dollars ($10,000), whichever is greater.

**ANSWER:**     **Because Paragraph 48 states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

49.     In doing the acts alleged in this Complaint, Defendants acted with oppression, fraud, malice, and duress, and willful and conscious disregard for Ms. Doe's physical and mental health, safety, and rights secured by California Civil Code § 52.5. Ms. Doe is therefore entitled to recover punitive damages pursuant to' California Civil Code § 52.5.

**ANSWER:**     **Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

## FOURTH CLAIM FOR RELIEF

### (Involuntary Servitude)
### (Against Defendants Giuseppe Penzato and Kesia Penzato)

50.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**     **Defendants restate their answers to Paragraphs 1-49 in answer to this paragraph.**

51.     Ms. Doe brings this claim for relief under the private causes of action implied under the Thirteenth Amendment to the United States Constitution, 18 U.S.C. § 1584, the California Constitution, Article I, § 6, and California Penal Code § 181.

**ANSWER:**     **Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ANSWER TO COMPLAINT**

52.     As described herein, Defendants used physical intimidation, threats of deportation, and other forms of legal and psychological coercion to require Ms. Doe to work without the lawfully required pay and in conditions of involuntary servitude.

**ANSWER:     Deny.**

53.     Through such action, Ms. Doe was subject to involuntary servitude prohibited by the Thirteenth Amendment to the United States Constitution, 18 U.S.C. § 1584, the California Constitution, Article I, § 6, and California Penal Code § 181.

**ANSWER:     Deny.**

54.     As a direct and proximate result of these actions, Ms. Doe suffered damages, including extreme mental suffering, indignity, humiliation, physical injuries, and economic losses, entitling her to damages in an amount to be proven at trial.

**ANSWER:     Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

55.     Defendants committed these acts alleged herein maliciously, fraudulently, and oppressively with the intention of injuring Ms. Doe and in conscious disregard of Ms. Doe's rights. Ms. Doe is thus entitled to recover punitive damages from Defendants in an amount to be determined at trial.

**ANSWER:     Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

## FIFTH CLAIM FOR RELIEF

### (Violations of the Fair Labor Standards Act)
### (Against Defendants Giuseppe Penzato and Kesia Penzato)

56.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:     Defendants restate their answers to Paragraphs 1-55 in answer to this paragraph.**

57.     At all relevant times, Ms. Doe was employed in domestic services in one or more households and was so employed for more than 8 hours in the aggregate every week.

**ANSWER:**     **Deny.**

58.     From August 2009 to November 2009, Ms. Doe provided services on a daily and weekly basis for both Defendants. Each of the Defendants was a single employer or joint employer of Ms. Doe under 29 U.S.C. § 203(d).

**ANSWER:**     **Deny.**

59.     In violation of 29 U.S.C. § 206 and 29 C.F.R. § 552.102, Defendants never paid Ms. Doe the minimum wage for the services that she provided to them. Contrary to Ms. Doe's agreement with the Penzatos, when Defendants did pay Ms. Doe for her work, they unlawfully deducted unrecorded amounts attributed to her inbound transportation costs, room and board, cellular telephone service, and other undisclosed amounts, without Ms. Doe's agreement or consent.

**ANSWER:**     **Deny.**

60.     Upon information and belief, Defendants knowingly and willfully required, suffered or permitted Ms. Doe to work hours well beyond a normal work day, including working up to 14 consecutive hours a day, seven days a week, and knowingly and willfully failed and refused to pay Ms. Doe the minimum wage for hours worked as required under federal law.

**ANSWER:**     **Deny.**

61.     Defendants required that Ms. Doe work through meals and rest periods and be on call at all times. Defendants did not pay Ms. Doe for her missed meal periods.

**ANSWER:**     **Deny.**

62.     Ms. Doe is informed and believes and on that basis alleges that Defendants have failed to keep adequate employment records and have not properly or adequately recorded Ms. Doe's hours worked during her employment, in violation of 29 U.S.C. § 211(c).

**ANSWER:** **Because this Paragraph states a conclusion of law, no answer is required. If any answer is required, Defendants deny any liability to Plaintiff.**

63. Defendants knew, should have known, or showed reckless disregard for the FLSA's provisions applicable to Ms. Doe and willfully, intentionally and without good faith violated and continue to violate these laws. As a result of Defendants' willful violations, Ms. Doe is entitled to receive liquidated damages in an additional amount above the wages already due her.

**ANSWER:** **Because this Paragraph states a conclusion of law, no answer is required. If any answer is required, Defendants deny any liability to Plaintiff.**

64. Under the FLSA, 29 U.S.C. § 216(b), Ms. Doe is entitled to recover all unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs in amounts to be determined at trial.

**ANSWER:** **Because this Paragraph states a conclusion of law, no answer is required. If any answer is required, Defendants deny any liability to Plaintiff.**

## SIXTH CLAIM FOR RELIEF

**(Violation of the California Labor Code — Failure to Pay Minimum Wages, Exceeding Maximum Work Hours, and Overtime) (Against Defendants Giuseppe Penzato and Kesia Penzato)**

65. Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:** **Defendants restate their answers to Paragraphs 1-64 in answer to this paragraph.**

66. Ms. Doe is not exempt from the requirements of the California Labor Code that she be paid minimum wage and/or overtime as alleged herein.

**ANSWER:** **Because this Paragraph states a conclusion of law, no answer is required. If any answer is required, Defendants deny any liability to Plaintiff.**

67.     Defendants forced Ms. Doe to work hours exceeding the maximum allowed under California Labor Code § 1198 and Department of Industrial Relations Wage Order 15¬2001(3)(A), 8 California Code of Regulations 11150 ("Wage Order 15").

**ANSWER:     Deny.**

68.     Upon information and belief, Defendants knowingly and willfully required, suffered or permitted Ms. Doe to work in excess of 8 hours in one workday and in excess of 40 hours in one workweek, and knowingly and willfully failed and refused to pay Ms. Doe overtime wages for overtime hours worked, in violation of California Labor Code §§ 510, 1194, and Wage Order 15.

**ANSWER:     Deny.**

69.     In violation of California Labor Code § 1197, Defendants knowingly and willfully failed and refused to pay Ms. Doe the minimum wage required under California law for the hours worked and services provided for Defendants by Ms. Doe, as well as for her on-call time.

**ANSWER:     Deny.**

70.     Defendants' failure to pay Ms. Doe minimum wages and overtime premiums was not in good faith, and Defendants had no reasonable grounds for believing that their failure to pay such wages and overtime premiums was not a violation of California law.

**ANSWER:     Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

71.     Ms. Doe is entitled to recover all unpaid minimum and/or overtime wages to which she is entitled, plus interest and attorneys' fees and costs incurred in bringing this civil action. Ms. Doe is also entitled to liquidated damages in an amount equal to the minimum wages unlawfully not paid to her by Defendants and interest thereon.

**ANSWER:     Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

72.     As a direct and proximate result of Defendants' unlawful failure and refusal to pay Ms. Doe wages as required by California law, and other violations of the law as set forth herein, Ms. Doe has suffered damages in an amount to be determined at trial.

**ANSWER:     Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

### SEVENTH CLAIM FOR RELIEF

**(Violation of California Labor Code —
Failure to Provide Days of Rest and Meal and Rest Periods)
(Against Defendants Giuseppe Penzato and Kesia Penzato)**

73.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:     Defendants restate their answers to Paragraphs 1-72 in answer to this paragraph.**

74.     During Ms. Doe's employment with Defendants, from August 2009 until November 2009, Defendants failed to provide her with a day of rest in every seven days in violation of California Labor Code §§ 551 and 552, and Wage Order 15.

**ANSWER:     Deny.**

75.     Upon information and belief, in violation of California Labor Code §§ 226.7 and 512, and Wage Order 15, Defendants knowingly and willfully failed and refused to provide Ms. Doe with rest breaks and meal periods. Defendants did not compensate Ms. Doe for her missed meal and rest periods.

**ANSWER:     Deny.**

76.     Ms. Doe is entitled to recover penalties pursuant to California Labor Code § 558.

**ANSWER:     Because this Paragraph states a conclusion of law, no answer is required.**

77.     As a direct and proximate result of Defendants' unlawful failure and refusal to provide Ms. Doe days of rest and meal and rest periods as required by California law, and other

1   violations of the law as set forth herein, Ms. Doe has suffered damages in an amount to be

2   determined at trial.

3   **ANSWER:**   **Because this Paragraph states a conclusion of law, no answer is required.  If**
4                 **any answer is required, Defendants deny any liability to Plaintiff.**

5                            **EIGHTH CLAIM FOR RELIEF**

6
    **(Violations of the California Labor California Code §§ 203, 205, and 226)**
7   **(Against Defendants Giuseppe Penzato and Kesia Penzato)**

8   78.   Plaintiff hereby refers to and incorporates each and every allegation set forth in the

9   above paragraphs of this Complaint as though fully set forth herein.

10  **ANSWER:**   **Defendants restate their answers to Paragraphs 1-77 in answer to this**
11               **paragraph.**

12  79.   At the time Ms. Doe left Defendants' employment, Defendants owed her wages

13  and overtime premiums, as alleged herein.

14  **ANSWER:**   **Deny.**
15

16  80.   Upon information and belief, Defendants have willfully failed to pay Ms. Doe the

17  wages and overtime premiums she is due following the termination of her employment, entitling

18  her to waiting time penalties pursuant to California Labor Code § 203.

19  **ANSWER:**   **Deny.**

20  81.   In violation of California Labor Code § 226, Defendants never provided Ms. Doe
21
    itemized wage statements. Ms. Doe is informed and believes and on that basis alleges that
22
    Defendants have failed to keep adequate employment records and have not properly or adequately
23
    recorded Ms. Doe's hours worked during her employment.
24

25  **ANSWER:**   **Deny.**

26  82.   In violation of California Labor Code § 205, at all times alleged herein,

27  Defendants failed to pay Ms. Doe every 31 days.

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

1    **ANSWER:**    **Deny.**

2

3        83.      As a direct and proximate result of Defendants' unlawful failure and refusal to

comply with these provisions of California law, Ms. Doe has suffered damages in an amount to

4

be determined at trial.

5

**ANSWER:**      **Because this Paragraph states a conclusion of law, no answer is required. If**
6                    **any answer is required, Defendants deny any liability to Plaintiff.**

7

8                             **NINTH CLAIM FOR RELIEF**

9     **(Violation of California Labor Code § 970 — Fraudulent Inducement of Employment)**
                **(Against Defendants Giuseppe Penzato and Kesia Penzato)**

10

11        84.      Plaintiff hereby refers to and incorporates each and every allegation set forth in the

above paragraphs of this Complaint as though fully set forth herein.

12

13    **ANSWER:**      **Defendants restate their answers to Paragraphs 1-83 in answer to this**
                   **paragraph.**

14

15        85.      Upon information and belief, in or about December 2008 to November 2009,

16 Defendants Kesia and Giuseppe Penzato knowingly made false representations to Ms. Doe about

17 the circumstances and the lawfulness of her relocation from Brazil to California, including, but

18 not limited to, falsely informing Ms. Doe that she would have a job working in Defendants Kesia

19 and Giuseppe Penzato's household as a child caretaker for $1,500 per, month.

20    **ANSWER:**    **Deny.**

21

22        86.      Mr. and Mrs. Penzato represented to Ms. Doe that she would have a better life in

the United States than she did in Brazil. Mr. and Mrs. Penzato told Ms. Doe that she would have

23 time to go to school and to work in other households, and represented that her work would not

24 exceed normal working hours.

25

26    **ANSWER:**    **Deny.**

27

28

87.     Upon information and belief, Defendants Kesia and Giuseppe Penzato had knowledge of the falsity of their misrepresentations at the time those misrepresentations were made and/or had no reasonable grounds for believing their representations to be true.

**ANSWER:**     **Deny.**

88.     Upon information and belief, Defendants Kesia and Giuseppe Penzato intended for Ms. Doe to rely on their false statements and misrepresentations to induce Ms. Doe to relocate from Brazil to California.

**ANSWER:**     **Deny.**

89.     Ms. Doe justifiably relied on Defendants' misrepresentations in deciding not to renew her contract as a government employee, leave her home and son in Brazil, and travel to the United States.

**ANSWER:**     **Deny.**

90.     As a result of Defendants' misrepresentations, Ms. Doe was injured in an amount to be proven at trial and is entitled to all appropriate penalties under the California Labor Code, including, but not limited to, double damages.

**ANSWER:**     **Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

### TENTH CLAIM FOR RELIEF

**(Intentional Fraud)**
**(Against Defendants Giuseppe Penzato and Kesia Penzato)**

91.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**     **Defendants restate their answers to Paragraphs 1-90 in answer to this paragraph.**

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**ANSWER TO COMPLAINT**

92.     Upon information and belief, Defendants Kesia Penzato and Giuseppe Penzato knowingly made false representations to Ms. Doe in or about December 2008 to November 2009 about the circumstances and the lawfulness of her emigration to the United States, including, but not limited to, falsely informing Ms. Doe that she would have a job working in Defendants Kesia and Giuseppe Penzato household as a child caretaker for $1,500 per month.

**ANSWER:     Deny.**

93.     Mr. and Mrs. Penzato represented to Ms. Doe that she would have a better life in the United States than she did in Brazil. Mr. and Mrs. Penzato told Ms. Doe that she would have time to go to school and to work in other households, and represented that her work would not exceed normal working hours.

**ANSWER:     Deny.**

94.     Upon information and belief, one of Defendants' purposes in making these false representations to Ms. Doe was to induce her to leave Brazil and travel to the United States where she would be employed by Defendants without being paid the minimum wages and overtime premiums required by law.

**ANSWER:     Deny.**

95.     Upon information and belief, Defendants had knowledge of the falsity of their misrepresentations at the time those misrepresentations were made.

**ANSWER:     Deny.**

96.     Upon information and belief, Defendants intended for Ms. Doe to rely on their false statements and misrepresentations. Ms. Doe justifiably relied on Defendants' misrepresentations in deciding not to renew her contract as a government employee, leave her home and son in Brazil, and travel to the United States.

**ANSWER:     Deny.**

97.     Ms. Doe was injured as a result of her reliance on Defendants' false statements and misrepresentations, which subjected her to exploitation of her labor, and caused her to suffer physical and emotional damages. Ms. Doe is entitled to damages in an amount to be proven at trial.

**ANSWER:**     **Deny.**

98.     Defendants committed the acts alleged in this Complaint with the wrongful intention of injuring Ms. Doe with an improper motive amounting to malice, in conscious disregard of Ms. Doe's rights. Because Defendants' actions were willful, wanton, malicious and oppressive, Ms. Doe is also entitled to an award of punitive damages.

**ANSWER:**     **Deny.**

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Misrepresentation)
### (Against Defendants Giuseppe Penzato and Kesia Penzato)

99.     Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**     **Defendants restate their answers to Paragraphs 1-98 in answer to this paragraph.**

100.     Defendants Kesia and Giuseppe Penzato made false representations to Ms. Doe in or about December 2008 to November 2009 about the circumstances and the lawfulness of her emigration to the United States, including, but not limited to, falsely informing Ms. Doe that she would have a job working in Defendants Kesia and Giuseppe Penzato household as a child caretaker for $1,500 per month.

**ANSWER:**     **Deny.**

101.     Mr. and Mrs. Penzato represented to Ms. Doe that she would have a better life in the United States than she did in Brazil. Mr. and Mrs. Penzato told Ms. Doe that she would have

1    time to go to school and to work in other households, and represented that her hours working for

2    them would not exceed normal working hours.

3    **ANSWER:    Deny.**

4

5         102.    Upon information and belief, one of Defendants' purposes in making these false

6    representations to Ms. Doe was to induce her to leave Brazil and travel to the United States where

7    she would be employed by Defendants without being paid the minimum wages and overtime

8    premiums required by law.

9    **ANSWER:    Deny.**

10        103.    Upon information and belief, Defendants had no reasonable grounds for believing

11   their representations to be true.

12   **ANSWER:    Deny.**

13

14        104. Upon information and belief, Defendants intended for Ms. Doe to rely on their false

15   statements and misrepresentations. Ms. Doe justifiably relied on Defendants' misrepresentations

16   in deciding to leave her home and son in Brazil and travel to the United States.

17   **ANSWER:    Deny.**

18        105.    Ms. Doe was injured as a result of her reliance on Defendants' false statements and

19   misrepresentations, which subjected her to exploitation of her labor, and caused her to suffer

20   physical and emotional damages. Ms. Doe is entitled to damages in an amount to be proven at

21   trial.

22   **ANSWER:    Deny.**

23

24                              **TWELFTH CLAIM FOR RELIEF**

25                                    **(Breach of Oral Contract)**
                     **(Against Defendants Giuseppe Penzato and Kesia Penzato)**
26

27        106.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the

28   above paragraphs of this Complaint as though fully set forth herein.

1

**ANSWER:** **Defendants restate their answers to Paragraphs 1-105 in answer to this**

2 **paragraph.**

3       107.    Defendants Kesia and Giuseppe Penzato and Ms. Doe agreed that, among other

4 terms, Ms. Doe would be paid $1,500 per month for the services she performed for Defendants in

5 the United States, that she would be provided room and board in Defendants' residence while

6 performing those services, that Defendants would pay for Ms. Doe's transportation from Brazil to

7 the United States, and that Ms. Doe would have reasonable working conditions while employed

8 by Defendants.

9 **ANSWER:**    **Deny.**

10

11       108.    Ms. Doe has duly performed each and every condition, covenant, promise and

12 obligation required on her part to be performed in accordance with the terms and conditions of

13 this oral contract.

14 **ANSWER:**    **Deny.**

15       109.    Defendants Kesia and Giuseppe Penzato materially breached their contract with

16 Ms. Doe by, among other things, not making the payments required by this oral contract, failing

17 to provide her with reasonable working conditions, and charging her for room and board and

18 transportation from Brazil to the United States.

19 **ANSWER:**    **Deny.**

20

21       110.    As a result of Defendants' breach of this contract, Ms. Doe has suffered damages

22 in an amount to be determined at trial.

23 **ANSWER:**    **Deny.**

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 8388350v2                          24

**ANSWER TO COMPLAINT**

**THIRTEENTH CLAIM FOR RELIEF**

**(Breach of Written Contract)**
**(Against Defendant Giuseppe Penzato)**

111. Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:** **Defendants restate their answers to Paragraphs 1-110 in answer to this paragraph.**

112. Defendant Giuseppe Penzato and Ms. Doe agreed to the contract attached hereto as Exhibit A.

**ANSWER:** **Defendant Giuseppe Penzato admits that he and Ms. Doe signed the document attached to the Complaint as Exhibit A. Defendants deny the remaining allegations in this Paragraph.**

113. Ms. Doe has duly performed each and every condition, covenant, promise and obligation required on her part to be performed in accordance with the material terms and conditions of this contract.

**ANSWER:** **Deny.**

114. Defendant Giuseppe Penzato materially breached this contract with Ms. Doe by, among other things, not making the payments required by this contract and failing to provide her with reasonable working conditions as specified by the contract, such as requiring Ms. Doe to work more than 35 hours per week, seven days a week, without vacation days, withholding her passport, failing to provide living quarters at Defendants' residence without charge, charging for inbound transportation, and failing to provide outbound transportation. On information and belief, Defendant Giuseppe Penzato also failed to record the number of hours Ms. Doe worked daily and weekly.

**ANSWER:** **Deny.**

115. As a result of Defendant Giuseppe Penzato's breach of contract, Ms. Doe has suffered damages in an amount to be determined at trial.

1   **ANSWER:     Deny.**

2

3                          **FOURTEENTH CLAIM FOR RELIEF**

4       **(Breach of Covenant of Good Faith and Fair Dealing — Oral Contract)**
        **(Against Defendants Giuseppe Penzato and Kesia Penzato)**

5

6       116.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the

7   above paragraphs of this Complaint as though fully set forth herein.

8   **ANSWER:     Defendants restate their answers to Paragraphs 1-115 in answer to this**
    **paragraph.**

9

10      117.    The oral contract between Ms. Doe and Defendants contains, by implication of

11  law, a covenant of good faith and fair dealing. Defendants Giuseppe Penzato and Kesia Penzato

12  covenanted that they would not, in the performance or enforcement of Ms. Doe's contract, impair

13  or frustrate the right of Ms. Doe to receive the benefits she had been promised.

14  **ANSWER:     Because this Paragraph states a conclusion of law, no answer is required. If**
    **any answer is required, Defendants deny any liability to Plaintiff.**

15

16      118.    By, among other things, willfully failing to perform under this contract, failing to

17  pay Ms. Doe the minimum wages and overtime premiums required by law, and/or subjecting Ms.

18  Doe to unlawful working conditions, Defendants breached the implied covenant of good faith and

19  fair dealing.

20  **ANSWER:     Deny.**

21      119.    As a result of the Defendants' breach of the implied covenant of good faith and

22  fair dealing, Ms. Doe has been wrongfully denied the benefits of her oral contract and has

23  sustained damages in an amount to be determined at trial.

24  **ANSWER:     Deny.**

25

26

27

28

1

**FIFTEENTH CLAIM FOR RELIEF**

2

3

**(Breach of Covenant of Good Faith and Fair Dealing — Written Contract)**
**(Against Defendant Giuseppe Penzato)**

4

     120.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the

5

above paragraphs of this Complaint as though fully set forth herein.

6

**ANSWER:**    **Defendants restate their answers to Paragraphs 1-119 in answer to this**

7

                 **paragraph.**

8

     121.    The written contract between Ms. Doe and Defendant Giuseppe Penzato contains,

9

by implication of law, a covenant of good faith and fair dealing. Defendant Giuseppe Penzato

10

covenanted that he would not, in the performance or enforcement of Ms. Doe's contract, impair

11

or frustrate the right of Ms. Doe to receive the benefits she had been promised.

12

**ANSWER:**    **Because this Paragraph states a conclusion of law, no answer is required.  If**

13

                 **any answer is required, Defendants deny any liability to Plaintiff.**

14

     122.    By, among other things, willfully failing to perform under this contract, failing to

15

pay Ms. Doe the minimum wages and overtime premiums required by law, and/or subjecting Ms.

16

Doe to unlawful working conditions, Defendants breached the implied covenant of good faith and

17

fair dealing.

18

**ANSWER:**    **Deny.**

19

20

     123.    As a result of the Defendant Giuseppe Penzato's breach of the implied covenant of

21

good faith and fair dealing, Ms. Doe has been wrongfully denied the benefits of her written

22

contract and has sustained damages in an amount to be determined at trial.

23

**ANSWER:**    **Deny.**

24

25

26

27

28

1

**SIXTEENTH CLAIM FOR RELIEF**

2

3

**(Quantum Meruit)**
**(Against Defendants Giuseppe Penzato and Kesia Penzato)**

4

124.   Plaintiff hereby refers to and incorporates each and every allegation set forth in the

5

above paragraphs of this Complaint as though fully set forth herein.

6

**ANSWER:**   **Defendants restate their answers to Paragraphs 1-124 in answer to this**
**paragraph.**

7

8

125.   Defendants Giuseppe Penzato and Kesia Penzato were enriched by the services

9

performed by Ms. Doe at their request, which were not gratuitously rendered.

10

**ANSWER:**   **Deny.**

11

12

126.   By their actions, stated above, Defendants wrongfully failed to pay the amount

13

owed to Ms. Doe for services rendered.

14

**ANSWER:**   **Deny.**

15

127.   As a result, equity requires that Ms. Doe is entitled to an amount of compensation

16

to be determined at trial.

17

**ANSWER:**   **Deny.**

18

19

**SEVENTEENTH CLAIM FOR RELIEF**

20

**(California Civil Code § 1708.5 — Sexual Battery)**
**(Against Defendant Giuseppe Penzato)**

21

22

128.   Plaintiff hereby refers to and incorporates each and every allegation set forth in the

23

above paragraphs of this Complaint as though fully set forth herein.

24

**ANSWER:**   **Defendants restate their answers to Paragraphs 1-127 in answer to this**
**paragraph.**

25

26

129.   Upon information and belief, Defendant Giuseppe Penzato acted with the intent to

27

cause harmful or offensive contact to Ms. Doe.

28

**ANSWER:**   **Deny.**

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 8388350v2

28

130.    Sexually offensive contact resulted from Mr. Penzato's actions.

**ANSWER:**    **Deny.**

131.    By his actions, Defendant Giuseppe Penzato caused Ms. Doe to imminently apprehend sexually offensive contact.

**ANSWER:**    **Deny.**

132.    As a result of the Defendant Giuseppe Penzato's multiple sexual batteries, Ms. Doe has sustained damages in an amount to be determined at trial.

**ANSWER:**    **Deny.**

133.    Upon information and belief, Defendant Giuseppe Penzato committed these acts alleged herein maliciously and oppressively with the intention of injuring Ms. Doe and in conscious disregard of Ms. Doe's rights. Ms. Doe is thus entitled to recover punitive damages from Defendant Giuseppe Penzato in an amount to be determined at trial.

**ANSWER:**    **Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

**EIGHTEENTH CLAIM FOR RELIEF**

**(Battery)**
**(Against Defendants Giuseppe Penzato and Kesia Penzato)**

134.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**    **Defendants restate their answers to Paragraphs 1-133 in answer to this paragraph.**

135.    Defendant Kesia Penzato intentionally touched Ms. Doe in a harmful or offensive manner including, but not limited to, shaking, pushing, grabbing, slapping, and/or choking Ms. Doe without consent on multiple occasions.

**ANSWER:**    **Deny.**

1    136.   Defendant Giuseppe Penzato intentionally touched Ms. Doe in a harmful or

2  offensive manner by touching her at night without her consent.

3  **ANSWER:     Deny.**

4

5    137.   As a result of the Defendants' multiple batteries, Ms. Doe has sustained damages

6  in an amount to be determined at trial.

7  **ANSWER:     Deny.**

8    138.   Upon information and belief, Defendants committed these acts alleged herein

9  maliciously and oppressively with the intention of injuring Ms. Doe and in conscious disregard of

10  Ms. Doe's rights. Ms. Doe is thus entitled to recover punitive damages from Defendants in an

11  amount to be determined at trial.

12  **ANSWER:     Deny.**

13

14                    **NINETEENTH CLAIM FOR RELIEF**

15
                            **(Assault)**
16        **(Against Defendants Giuseppe Penzato and Kesia Penzato)**

17    139.   Plaintiff hereby refers to and incorporates each and every allegation set forth in the

18  above paragraphs of this Complaint as though fully set forth herein.

19  **ANSWER:     Defendants restate their answers to Paragraphs 1-138 in answer to this
                 paragraph.**
20

21    140.   By her actions, Defendant Kesia Penzato intentionally caused Ms. Doe to

22  reasonably apprehend a harmful or offensive touching, including but not limited to, shaking,

23  pushing, grabbing, slapping, and/or choking. Defendant Kesia Penzato performed these acts

24  without consent on multiple occasions.

25  **ANSWER:     Deny.**

26

27    141.   By his actions, Defendant Giuseppe Penzato intentionally caused Ms. Doe to

28  reasonably apprehend a harmful or offensive touching without her consent, including, but not

limited to touching her in a sexual manner at night. Defendant Giuseppe Penzato performed these acts without consent on multiple occasions.

**ANSWER:**   **Deny.**

142.   As a result of the Defendants' multiple assaults, Ms. Doe has sustained damages in an amount to be determined at trial.

**ANSWER:**   **Deny.**

143.   Upon information and belief, Defendants committed these acts alleged herein maliciously and oppressively with the intention of injuring Ms. Doe and in conscious disregard of Ms. Doe's rights. Ms. Doe is thus entitled to recover punitive damages from Defendants in an amount to be determined at trial.

**ANSWER:**   **Deny.**

### TWENTIETH CLAIM FOR RELIEF

**(Invasion of Privacy)**
**(Against Defendant Giuseppe Penzato)**

144.   Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**   **Defendants restate their answers to Paragraphs 1-143 in answer to this paragraph.**

145.   Defendant Giuseppe Penzato, by entering the bedroom where Ms. Doe slept and touching her, intruded upon Ms. Doe's physical seclusion.

**ANSWER:**   **Deny.**

146.   Such intrusion is highly offensive to a reasonable person.

**ANSWER:**   **Deny.**

147.   Ms. Doe had a reasonable expectation of privacy when lying in her own bed.

1  **ANSWER:**   **Deny.**

2

3       148.   By the actions alleged herein, Defendant Giuseppe Penzato directly and

4  proximately caused harm and damages to Ms. Doe.

5  **ANSWER:**   **Deny.**

6       149.   Upon information and belief, Defendant Giuseppe Penzato committed these acts

7  alleged herein maliciously and oppressively with the intention of injuring Ms. Doe. Ms. Doe is

8  thus entitled to recover punitive damages from Defendant Giuseppe Penzato in an amount to be

9  determined at trial.

10  **ANSWER:**   **Deny.**

11

12                          **TWENTY-FIRST CLAIM FOR RELIEF**

13                          **(Intentional Infliction of Emotional Distress)**
                            **(Against Defendants Giuseppe Penzato and Kesia Penzato)**
14

15       150.   Plaintiff hereby refers to and incorporates each and every allegation set forth in the

16  above paragraphs of this Complaint as though fully set forth herein.

17  **ANSWER:**   **Defendants restate their answers to Paragraphs 1-149 in answer to this**
                  **paragraph.**
18

19       151.   Defendants engaged in extreme and outrageous conduct as set forth herein.

20  **ANSWER:**   **Because this Paragraph states a conclusion of law, no answer is required.**

21

22       152.   Upon information and belief, Defendants knowingly, deliberately, and

23  intentionally committed the acts alleged in this Complaint against Ms. Doe and recklessly

24  disregarded the probability of causing Ms. Doe's emotional distress

25  **ANSWER:**   **Deny.**

26       153.   Upon information and belief, Defendants each intentionally committed the acts

27  alleged in this Complaint against Ms. Doe and thereby caused Ms. Doe to suffer fear, depression,

28

humiliation, mental anguish, and severe emotional distress, directly and proximately causing

damage to Ms. Doe.

**ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny such allegations.**

154.    Upon information and belief, Defendants committed the acts alleged in this

Complaint with the wrongful intention of injuring Ms. Doe with an improper motive amounting

to malice, in conscious disregard of Ms. Doe's rights. Because Defendants' actions were willful,

wanton, malicious and oppressive, Ms. Doe is also entitled to an award of punitive damages.

**ANSWER:**    **Deny.**

### TWENTY-SECOND CLAIM FOR RELIEF

**(Negligent Infliction of Emotional Distress)**
**(Against Defendants Giuseppe Penzato and Kesia Penzato)**

155.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the

above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**    **Defendants restate their answers to Paragraphs 1-154 in answer to this paragraph.**

156.    Each of the Defendants owed Ms. Doe a duty to exercise ordinary care or skill in

the management of his or her property or person.

**ANSWER:**    **Because this Paragraph states a conclusion of law, no answer is required.**

157.    Defendants breached their duties to Ms. Doe by negligently committing the acts

alleged in this Complaint against Ms. Doe and thereby caused Ms. Doe to suffer fear, depression,

humiliation, mental anguish, and severe emotional distress, directly and proximately causing

damage to Ms. Doe.

**ANSWER:**    **Deny.**

**TWENTY-THIRD CLAIM FOR RELIEF**

**(Negligence)**
**(Against Defendants Giuseppe Penzato and Kesia Penzato)**

158.    Plaintiff hereby refers to and incorporates each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**    **Defendants restate their answers to Paragraphs 1-157 in answer to this paragraph.**

159.    Defendants Giuseppe Penzato and Kesia Penzato owed a duty of care to Ms. Doe as employers.

**ANSWER:**    **Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

160.    By failing to provide adequate working conditions, Defendants Kesia Penzato and Giuseppe Penzato breached that duty of care. This breach includes, but is not limited to, forcing Ms. Doe to clean without proper protection or ventilation.

**ANSWER:**    **Deny.**

161.    By the actions alleged herein, Defendants directly and proximately caused harm and damages to Ms. Doe.

**ANSWER:**    **Deny.**

**VI.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment or issue an order against Defendants, and each of them, as follows:

1.    Compensatory and special damages in an amount to be proven at trial;

2.    Unpaid wages, including minimum wages and overtime premiums, in an amount to be proven at trial;

3.    Statutory penalties and liquidated damages according to proof at time of trial;

4.      Punitive and exemplary damages in an amount according to proof at the time of trial;

5.      For double damages pursuant to California Labor Code § 970;

6.      For treble damages pursuant to California Penal Code §236.1 and California Civil Code § 52.5;

7.      Pre- and post- judgment interest;

8.      Reasonable attorneys' fees and costs; and

9.      Such other and further relief as the Court deems just and proper.

**ANSWER:      Because this Paragraph states a conclusion of law, no answer is required.  If any answer is required, Defendants deny any liability to Plaintiff.**

## VII.    JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

**ANSWER:      Neither admit nor deny.**

## AFFIRMATIVE DEFENSES

1.      Defendants allege that Plaintiff's purported causes of action fail to state a claim upon which relief may be granted.

2.      Defendants allege that Plaintiff's purported causes of action fail because they are uncertain.

3.      Defendants allege that Plaintiff's claims are barred by any and all applicable statutes of limitations, including but not limited to, California *Code of Civil Procedure* §§ 335.1, 337, 338(a), 339, 340, and 343, and California *Government Code* §§ 12960(d) and 12965(b).

4.      Defendants allege that any purported act or omission on the part of Defendant was excused by the actions of Plaintiff.

5.      Defendants allege that Plaintiff waived any and all claims, rights and demands in the Complaint.

6.      Defendants allege that Plaintiff is estopped from asserting the claims, rights and demands in the Complaint.

7.      Defendants allege that the acts and/or omissions of Defendant alleged in the Complaint were justified.

8.      Defendants allege that Plaintiff failed, refused, and neglected to take reasonable and necessary steps to mitigate her alleged damages, if any.

9.      Defendants allege that any claim for statutory penalties under California *Labor Code* Section 203 fails because any non-payment of wages alleged in the Complaint was not willful as required by that Section.

10.     Defendants allege that Plaintiff is not entitled to recover punitive damages.

11.     Defendants allege that Plaintiff is not entitled to penalties under *Labor Code* § 226.7, as such penalties are, in whole or in part, unavailable.

12.     Defendants allege that the California *Labor Code* and Wage Order provisions alleged in the Complaint are unconstitutionally vague on their face and violate the due process provisions of the United States Constitution and California Constitution to the extent they provide for penalties for the claims set forth in the Complaint.

13.     Defendants allege that any claim for penalties under any applicable Wage Orders and Administrative Regulations is unconstitutional.  The Industrial Welfare Commission does not have the authority to impose such penalties.

14.     Defendants allege that the Wage Orders and Administrative Regulations are unconstitutionally vague on their face and violate the due process provisions of the United States Constitution if they provide for penalties for any purported failures as alleged in the Complaint.

15.     Defendants allege that Plaintiff is not entitled to recovery to the extent that her claims are based upon acts, omissions, injuries or losses, if any, that occurred prior to the effective date of any statute, order, regulation, policy or other applicable legal authority (including any amendment thereto) giving rise to this action.

16.     Defendants allege that Plaintiff is precluded from recovery under the doctrine of laches.

17.     Defendants allege that Plaintiff is precluded from recovery under the doctrine of unclean hands.

18.     Defendant acted in good faith at all times, thereby barring Plaintiff's claims for waiting time penalties under California *Labor Code* Section 203.

19.     Defendants allege that Plaintiff's claims are barred to the extent she seeks relief from Defendant for actions, or individually, outside the course and scope of her employment.

20.     Defendant's actions or omissions were not the cause of any of Plaintiff's alleged damages.

21.     Defendants allege that Plaintiff does not have standing to bring the claim, in whole or in part.

22.     Defendants allege that Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendants described in the Complaint.

23.     Defendants alleges that the Complaint, is barred in whole or in part, as Plaintiff has failed to fulfill all concurrent conditions required to be fulfilled under the terms of the alleged agreement, concurrent with the performance of the Defendants' obligation.

24.     Defendant allege that the Complaint, and each and every purported cause of action based up a contract alleged therein, is barred, in whole or in part, as Plaintiff has failed to fulfill all conditions precedent required to be fulfilled under the terms of the alleged agreement.

25.     Defendants allege that all of the alleged acts and omissions of the Defendants, if proven, were lawful and privileged.

26.     Defendants allege that any of their purported obligations alleged or referred to in the Complaint have been discharged.

27.     Defendants allege that the claims of Plaintiff are barred, in whole or in part, because Plaintiff's own conduct and/or the conduct of third parties was the sole and proximate cause, or a contributing proximate cause, of whatever loss Plaintiff has allegedly incurred and/or will allegedly incur, if any.

28.     Defendants allege that Plaintiff failed to act in a reasonably prudent manner in carrying out the duties assigned to Plaintiff by virtue of Plaintiff's employment.

29.     Defendants allege that Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act (Labor Code § 3602, et seq.).

30.     Defendants allege that Plaintiff has not suffered any compensable injury as a result of Defendants' alleged actions, and as a result, is not entitled to an award against Defendants.

31.     Defendants allege that the damages claimed by Plaintiff are speculative and/or nominal.

32.     Defendants allege that the contract(s) alleged in the Contract were modified. Defendants have performed all of the conditions of the contract(s) as modified.

33.     Defendants allege that Plaintiff's claims are barred by a superseding employment agreement.

34.     Defendants allege that to the extent that Plaintiff is entitled to any recovery, which Defendants deny, the recovery should be offset by compensation paid to Plaintiff.

35.     Defendants allege that their conduct was not malicious, oppressive or fraudulent, but was reasonable.  Defendants' conduct does not warrant, and Plaintiff has failed to state sufficient facts to entitle her to an award of exemplary damages.

36.     Defendants allege that Plaintiff's claims are barred, in whole or in part, because, she resigned and/or abandoned her employment.

37.     Defendants allege that any alleged acts or omissions of Defendants giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by the Defendants.

38.     Defendants allege that Plaintiff breached her covenants under the governing agreement, which discharges Defendants from any payment obligations and/or excuse their performance.

39.     Defendants alleges that Plaintiff's injuries, if any, were proximately caused by the negligence, willful acts or liability of persons who are, and are not, parties to this action and Defendants requests that an allocation of such negligence and liability be made among such other parties, and non-parties, and if any liability is found on the part of Defendants, a judgment be

1    only the amount that is proportionate to the effect and percentage by which Defendants' acts or

2    commissions contributed to Plaintiff's damages in accordance with principles of indemnity and

3    contribution.

4         40.    Defendants allege that Plaintiff's state law claims are preempted by applicable

5    federal law.

6         41.    Defendants allege that at all times relevant to this action Defendants acted within

7    the course and scope of reasonable commercial standards.

8         42.    Defendants allege that the Complaint is barred by the applicable Statute of Frauds.

9         43.    Defendants allege that to the extent that Plaintiff seeks recovery herein based on

10   any alleged oral modification or agreement, said recovery is barred by reason of the Parol

11   Evidence Rule.

12        44.    Defendants allege that they presently have insufficient knowledge or information

13   on which to form a belief as to whether they may have additional, as yet unstated, affirmative

14   defenses.  Defendants reserve their rights to file an amended answer asserting additional defenses,

15   and/or to file a counter or cross-complaint in the event that discovery indicates that either is

16   appropriate.

17                              **JURY TRIAL DEMAND**

18        Defendants hereby demand a jury trial on all issues so triable.

19

20   DATED:  March 29, 2011                    **BUCHALTER NEMER**
                                               A Professional Corporation
21

22

23                                       By:  _/s/ Mia S. Blackler_____
                                               MIA S. BLACKLER
24                                             Attorneys for Defendants
                                               GIUSEPPE PENZATO and KESIA
25                                             PENZATO

26

27

28