MATTHEW R. REED, State Bar No. 196305
CAROLINE E. WILSON, State Bar No. 241031
LISA K. NGUYEN, State Bar No. 244280
JENNIFER M. MARTINEZ, State Bar No. 262081
MICHAEL D. K. NGUYEN, State Bar No. 264813
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811
Email:  mreed@wsgr.com

CINDY LIOU, State Bar No. 252161
ASIAN PACIFIC ISLANDER LEGAL OUTREACH
1121 Mission Street
San Francisco, California  94103
Telephone: (415) 567-6255
Facsimile: (415) 567-6248
Email: cliou@apilegaloutreach.org

*Attorneys for Plaintiff and Counter-Defendant*
JANE DOE

MIA S. BLACKLER, State Bar. No. 188112
BUCHALTER NEMER
A Professional Corporation
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
Email: mblackler@buchalter.com

*Attorneys for Defendants and Counter-Claimants*
GIUSEPPE PENZATO and KESIA PENZATO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>GIUSEPPE PENZATO, an individual; KESIA PENZATO, an individual,<br><br>    Defendants. | CASE NO.:  3:10-cv-05154-MEJ<br><br>**JOINT CASE MANAGEMENT STATEMENT, RULE 26(f) REPORT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Complaint Filed:  November 12, 2010<br>CMC Date:  April 21, 2011<br>Time:  10:00 a.m. |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and this Court's Standing Order, Plaintiff and Counter-Defendant Jane Doe ("Plaintiff")[1] and Defendants and Counter-Claimants Giuseppe Penzato and Kesia Penzato (collectively, "Defendants"), after having met and conferred through their attorneys of record on March 31 and April 11, 2011 jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case.

## I.   JURISIDICTION AND SERVICE

As alleged by Plaintiff in her complaint, this Court has jurisdiction over Plaintiff's claims under the Trafficking Victims Reauthorization Act, Fair Labor Standards Act, the Thirteenth Amendment to the United States Constitution, pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The parties agree that this Court has personal jurisdiction over all the parties and that venue is proper in this District. The Defendants were served with the complaint, and Plaintiff was served with the Counter-Claim.

## II.   FACTS

Plaintiff brings claims against Defendants for human trafficking, forced labor, violations of federal and state labor laws, breach of contract, assault, battery, sexual battery, intentional infliction of emotional distress, and negligence.  These claims arise out of the Plaintiff's contention that Plaintiff was recruited from Brazil to work in the home of Defendants.  Plaintiff alleges Defendants then coerced Plaintiff into providing labor and services, knowingly benefited from that labor and services, and failed to provide Plaintiff with adequate or agreed upon compensation.  As a result of Defendants' alleged acts, Plaintiff alleges that, among other things, she suffered severe emotional distress and psychological harm.  Defendants dispute and deny the allegations made by Plaintiff in her complaint.

Plaintiff believes that the factual issues the parties may dispute include:

---

[1] The parties agree that Defendants' agreement to refer to Plaintiff as "Jane Doe" in no way constitutes a consent to her proceeding under a pseudonym in this action, nor does it serve as a waiver for Defendants' to object to Plaintiff's motion to proceed under a pseudonym currently scheduled for hearing on May 26, 2011.

1. Whether Defendants knowingly used serious harm, force, intimidation, physical restraint, and/or the threat of any of the above, to obtain Plaintiff's labor and services;
2. Whether Defendants threatened abuse of the law or legal process obtain Plaintiff's labor and services;
3. Whether Defendants compensated Plaintiff for the labor and services she provided;
4. Whether Defendants knowingly recruited, harbored, transported, provided and obtained Plaintiff to provide labor and services without appropriate compensation and through the above described means;
5. Whether Defendants substantially restricted the personal liberty of Plaintiff;
6. Whether Defendants brought Plaintiff into their employ by using fraud;
7. Whether Defendants repeatedly threatened Plaintiff with injury;
8. Whether Defendants knowingly destroyed, concealed, removed, confiscated, or possessed Plaintiff's passport and identification documents;
9. The number of hours worked by Plaintiff;
10. The amount paid by Defendants to Plaintiff;
11. Whether Defendants kept employment records;
12. Whether Defendants provided Plaintiff with rest and meal breaks, and a day of rest in every seven days;
13. Whether Defendants made material misrepresentations to Plaintiff;
14. Whether Plaintiff reasonably relied on such misrepresentations;
15. Whether Defendants failed to make payments to Plaintiff and provide her with reasonable working conditions, as the parties had agreed;
16. Whether Defendants entered into a contact with Plaintiff, and what the material terms of that contact are;
17. Whether Defendants were enriched by the services performed by Plaintiff;

1     18. Whether Defendant Giuseppe Penzato engaged in sexually offensive contact with Plaintiff with malicious and oppressive intent;

    19. Whether Defendants touched Plaintiff in a harmful or offensive manner;

    20. Whether Defendants caused Plaintiff to imminently apprehend a harmful or offensive touching;

    21. Whether Defendant Giuseppe Penzato intruded on Plaintiff's physical seclusion;

    22. Whether Plaintiff suffered fear, depression, humiliation, mental anguish, and severe emotional distress as a result of Defendants knowing and intentional acts, or failure to exercise ordinary care and skill;

    23. Whether Defendants forced Plaintiff to clean without proper protection or ventilation; and

    24. The amount of damages to which Plaintiff is entitled.

In their Counter-Claims, Defendants assert claims for Breach of Contract and Invasion of Privacy arising from Defendants' contention that Plaintiffs' actions, including her alleged breach of the confidentiality provisions of the employment agreement, her alleged invasion of the Defendants' right to privacy and interference with Mr. Penzato's employment with the Italian consulate, and her alleged dissemination of false information to third parties, caused emotional distress and psychological harm to Defendants.  Plaintiff disputes and denies the allegations made by Defendants in their Counter-Claims.

Defendants believe that the factual issues the parties may dispute (not otherwise duplicative of Plaintiff's identified factual issues) include:

    1. The terms of the governing employment agreement(s);

    2. The number of hours actually worked by Plaintiff;

    3. Whether Defendants benefited from any work done by Plaintiff;

    4. Plaintiff's attempts to come to the United States;

    5. Whether Plaintiff's stole money and items from Defendants;

    6. Monies loaned by Defendants to Plaintiff;

    7. Payment to Plaintiff for work performed by Defendants and third parties;

    8. Plaintiff's disclosures of confidential information concerning Defendants and/or the Italian Consulate to third parties;

    9. Plaintiff's disclosures of private information of Defendants to third parties;

    10. Consular agreements between Italy and the United States;

    11. Consular protections afforded the Defendants;

    12. Plaintiff's actions concerning her desire to remain in the United States.

## III. LEGAL ISSUES

Plaintiff brings claims against Defendants for human trafficking, forced labor, violations of federal and state labor laws, breach of contract, assault, battery, sexual battery, intentional infliction of emotional distress, and negligence. Plaintiff believes that the disputed legal issues may include:

1. Whether Defendants forced Plaintiff to provide labor and services in violation of federal and state prohibitions on forced labor and human trafficking;
2. Whether Defendants violated various provisions of the Fair Labor Standards Act, including by failing to pay Plaintiff a minimum wage and overtime, provide meal and rest periods, and keep adequate employment records;
3. Whether Defendants violated various provisions of the California Labor Code, including by failing to pay Plaintiff a minimum wage and overtime, provide meal and rest periods, and keep adequate employment records;
4. Whether Defendants fraudulently induced Plaintiff to travel to the United States and provide them with labor and services;
5. The existence of a contract(s) between the parties;
6. Whether Defendants materially breached a contract;
7. Whether Defendants breached the implied covenant of good faith and fair dealing that attached to a contract between the parties;
8. Whether Plaintiff breached the implied covenant of good faith and fair dealing that attached to the employment agreement(s) between the parties;

9. Whether Defendant Guiseppe Penzato committed a sexual battery pursuant to California Civil Code § 1708.5;

10. Whether Defendants committed battery against Plaintiff;

11. Whether Defendants assaulted Plaintiff;

12. Whether Plaintiff invaded Defendants' privacy and violated their reasonable expectation thereof;

13. Whether Defendants intentionally or negligently inflicted emotional distress on Plaintiff;

14. Whether Defendants had a duty of care owed to Plaintiff, which they negligently breached;

15. Whether Plaintiff is entitled to compensatory and/or consequential damages;

16. Whether Plaintiff is entitled to liquidated damages and statutory penalties;

17. Whether Plaintiff is entitled to double damages;

18. Whether Plaintiff is entitled to treble damages; and

19. Whether Plaintiff is entitled to punitive damages.

Defendants bring counter-claims for breach of contract and invasion of privacy. Plaintiff believes that the disputed legal issues may include:

1. The existence of a contract(s) between the parties;

2. Whether Plaintiff has standing to bring this action;

3. Whether Plaintiff breached her employment agreement(s) with Defendants;

4. Whether Plaintiff breached the implied covenant of good faith and fair dealing that attached to the employment agreement(s) between the parties;

5. Whether Plaintiff invaded Defendants' privacy and violated their reasonable expectation thereof;

6. Whether Plaintiff intentionally or negligently inflicted emotional distress on Defendants;

7. Whether international law preempts California law on the employment agreement;

    8. The effect of consular law on the employment agreement(s);

    9. Whether Defendants are entitled to compensatory and/or consequential damages; and

    10. Whether the Defendants are entitled to punitive damages.

## IV. MOTIONS

Plaintiff has filed a Motion for Protective Order and to Proceed under a Pseudonym. Dkt. No. 10. This motion is scheduled to be heard on May 26, 2011 at 10:00 am. It has not yet been fully briefed.

During the course of this action, the Parties may file additional motions, including, but not limited to, motions for summary judgment or adjudication as appropriate.

## V. AMENDMENT OF PLEADINGS

Plaintiff does not expect to add or dismiss any parties, claims or defenses at this time. Defendants are currently assessing whether to amend their Cross-Complaint against Plaintiff to allege additional causes of action.

The parties propose a deadline of June 2, 2011 for amending pleadings.

## VI. EVIDENCE PRESERVATION

In anticipation of litigation, the Parties have taken steps to retain all relevant emails and other documents.

## VII. DISCLOSURES

Initial disclosures will be exchanged two (2) weeks after entry of a Protective Order in a form to be agreed to by all parties to be submitted to the Court.

## VIII. DISCOVERY

**Discovery Taken To Date –** None.

**Modifications To Discovery Rules** – The parties intend to pursue discovery according to the Federal Rules of Civil Procedure and Local Rules of the Northern District of California, and do not anticipate any modifications to those rules, but reserve the right to seek modifications at a later date if, in good faith, such modifications become necessary.

**Scope Of Discovery** – The parties agree that the scope of discovery will encompass the causes of action listed in the Complaint and Counter-Claim, and any additional matters set forth in the Answers thereto.

**Electronically Stored Information** – The parties agree that any electronically stored information to be produced pursuant to discovery requests shall be produced in native format.

**Privilege Log** – The parties agree that communication between parties and counsel on or after the filing date of the Complaint in this action do not need to be included on the privilege log, and omission of such communications does not constitute a waiver of the attorney-privilege or doctrine of attorney work product.

**Protective Order** – The parties are in the process of negotiating a protective order.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

There are no related cases pending at this time.

## XI. RELIEF

### A. Plaintiff's Relief Sought

Plaintiff is seeking compensatory and special damages, unpaid wages, including minimum wages and overtime premiums, statutory penalties and liquidated damages, punitive and exemplary damages, double damages pursuant to California Labor Code § 970, treble damages pursuant to California Penal Code §236.1 and California Civil Code § 52.5 and pre- and post- judgment interest.

### B. Defendants' Relief Sought

Through their Counter-Claims, Defendants are seeking general damages, consequential damages, actual damages, punitive damages and injunctive relief.

## XII. SETTLEMENT AND ADR

The parties have met and conferred in an effort to settle this action informally. The parties' negotiations have so far been unsuccessful although settlement offers have been exchanged.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 10-05154-MEJ                                    -8-

The parties have taken steps to resolve this case through ADR, and have requested the Court's assistance through a Settlement Conference. If necessary, the parties will also consider mediation, and the Settlement Conference and potential for mediation through the Court's program will be discussed on April 19, 2011 with this Court's ADR Department.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consent to have a Magistrate Judge Maria Elena James conduct all further proceedings including trial and entry of judgment.

### XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The parties believe that several issues will be capable of being narrowed following discovery.

### XVI. EXPEDITED SCHEDULE

The parties do not believe that this is a case that can be handled on an expedited basis with streamlined procedures.

### XVII. SCHEDULING

**Initial Disclosures –** two weeks after entry of an agreed-upon protective order

**Fact Discovery Cutoff –** September 23, 2011

**Designation of experts** – October 14, 2011

**Discovery cutoff** – January 13, 2012

**Last Date on which to file dispositive motions** – February 10, 2012

**Pretrial conference** – Two weeks before trial

**Trial** –May 2012

### XVIII. TRIAL

The parties have demanded a jury trial on all issues so triable. Plaintiff believes that trial will require 5 days. Defendants believe that the trial may take fewer than 5 days but does not object to reserving 5 days for trial.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  The parties are aware of no firms, partnerships, corporations (including parent corporations) that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated:  April 14, 2011
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ Matthew R. Reed
     Matthew R. Reed

Attorneys for Plaintiff and Counter-Defendant
JANE DOE

Dated:  April 14, 2011
BUCHALTER NEMER
A Professional Law Corporation

By:  /s/ Mia S. Blackler
     Mia S. Blackler

Attorneys for Defendants and Counter-Claimants
GIUSEPPE PENZATO and KESIA PENZATO

**DECLARATION OF CONSENT**

Pursuant to General Order 45, the undersigned certifies that concurrence in the filing of this document was obtained from each of the other signatories.

Dated:  April 14, 2011
By:  /s/ Caroline Wilson
     Caroline Wilson

# [PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

[The Court may wish to make additional orders, such as:

a. Referral of the parties to court or private ADR process;

b. Schedule a further Case Management Conference;

c. Schedule the time and content of supplemental disclosures;

d. Specially set motions;

e. Impose limitations on disclosure or discovery;

f. Set time for disclosure of identity, background and opinions of experts;

g. Set deadlines for completing fact and expert discovery;

h. Set time for parties to meet and confer regarding pretrial submissions;

I. Set deadline for hearing motions directed to the merits of the case;

j. Set deadline for submission of pretrial material;

k. Set date and time for pretrial conference;

l. Set a date and time for trial.]

**IT IS SO ORDERED.**

Dated:  April __, 2011                               By: _____
                                                                               Hon. Maria-Elena James
                                                                               United States Magistrate Judge for the
                                                                               Northern District of California

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 14, 2011, a true and correct copy of the **JOINT CASE MANAGEMENT STATEMENT, RULE 26(f) REPORT AND [PROPOSED] CASE MANAGEMENT ORDER** was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit a Notice of Electronic Filing to all registered CM/ECF registrants for this case.

    Executed at Palo Alto, California on April 14, 2011.

                                              /s/ Rosemarie Dean
                                                Rosemarie Dean