MATTHEW R. REED, State Bar No. 196305
CAROLINE E. WILSON, State Bar No. 241031
LISA K. NGUYEN, State Bar No. 244280
JENNIFER M. MARTINEZ, State Bar No. 262081
MICHAEL D. K. NGUYEN, State Bar No. 264813
TRACY D. RUBIN, State Bar No. 267420
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:  mreed@wsgr.com

CINDY LIOU, State Bar No. 252161
ASIAN PACIFIC ISLANDER LEGAL OUTREACH
1121 Mission Street
San Francisco, California  94103
Telephone: (415) 567-6255
Facsimile: (415) 567-6248
Email: cliou@apilegaloutreach.org

*Attorneys for Plaintiff*
JANE DOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GIUSEPPE PENZATO, an individual; and KESIA PENZATO, an individual,<br><br>　　　　Defendants. | CASE NO.:  3:10-cv-05154-MEJ<br><br>**PLAINTIFF'S ANSWER TO COUNTERCLAIMS** |

　　　　Plaintiff Jane Doe ("Plaintiff") for her answer to Giuseppe Penzato and Kesia Penzato's (collectively, "Defendants'") Counterclaim ("Counterclaim") avers as follows:

PLAINTIFF'S ANSWER TO COUNTERCLAIM
CASE NO. 3:10-cv-05154-MEJ

# ANSWER TO COUNTERCLAIMS

## INTRODUCTION

1.  Plaintiff admits that she filed a Complaint with this Court on November 12, 2010, alleging, in part, that she was the victim of human trafficking and that the Penzatos committed various wage and hour violations relating to her employment.

## JURISDICTION AND VENUE

2.  Plaintiff admits the allegations of paragraph 2.

3.  Plaintiff admits that this court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.  Plaintiff admits that venue is proper pursuant to 28 U.S.C. §1391 and that all of the parties reside in this District.  Plaintiff denies the remaining allegations of paragraph 4.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5.   Plaintiff admits that she was a childhood friend of Kesia Penzato.  Plaintiff denies the remaining allegations of paragraph 5.

6.  Plaintiff admits that, prior to August 2009, the Penzatos offered her employment in their household and agreed to assist her in traveling to the United States.  Plaintiff admits that prior to traveling to the United States, the Penzatos promised Plaintiff that she would be permitted time to engage in personal activities while in their employ.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6 and on that basis denies the allegations.

7.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7 and on that basis denies the allegations.

8.  Plaintiff admits she attached an employment agreement executed by herself and Mr. Penzato to her Complaint in this litigation.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8 and on that basis denies the allegations.

9.  Plaintiff denies the allegations of the first paragraph 9.

1  10. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations of the first paragraph 10 and on that basis denies the allegations.

9. Plaintiff admits that she was employed by the Defendants for approximately three months from approximately August 25, 2009 to November 20, 2009.  Plaintiff denies the remaining allegations of the second paragraph 9.

10. Plaintiff admits that she resided with the Penzatos during her employment.  Plaintiff admits that on occasion she overheard conversations of the Penzatos.  Plaintiff denies the remaining allegations of the second paragraph 10.

11. Plaintiff denies the allegations of paragraph 11.

## FIRST CAUSE OF ACTION

**(Breach of Written Contract, as against Jane Doe)**

12. Plaintiff incorporates by reference her answers to paragraphs 1-11.

13. Plaintiff admits she executed an employment agreement on or about June 1, 2009, a copy of which is attached to her Complaint in this action.  Plaintiff admits that, after executing that agreement, she obtained an A-3 Visa to permit her entry into the United States.  Plaintiff denies the remaining allegations of paragraph 13.

14. Plaintiff admits that the employment agreement executed on or about June 1, 2009, and attached to her Complaint contains a provision entitled "Confidentiality," which is designated as paragraph 8.  Plaintiff denies the remaining allegations of paragraph 14.

15. Plaintiff denies the allegations of paragraph 15.

16. Plaintiff denies the allegations of paragraph 16.

17. Plaintiff denies the allegations of paragraph 17.

## SECOND CAUSE OF ACTION

**(Invasion of Privacy, as against Jane Doe)**

18. Plaintiff incorporates by reference her answers to paragraphs 1-17.

19. Plaintiff denies the allegations of paragraph 19.

20. Plaintiff denies the allegations of paragraph 20.

21. Plaintiff denies the allegations of paragraph 21.

1    22. Plaintiff denies the allegations of paragraph 22.

2    23. Plaintiff denies the allegations of paragraph 23.

3    24. Plaintiff denies the allegations of paragraph 24.

4    25. Plaintiff denies the allegations of paragraph 25.

## PRAYER FOR RELIEF

Plaintiff denies that Defendants are entitled to any relief whatsoever.

## JURY TRIAL DEMAND

Plaintiff admits that Defendants have demanded a jury trial.

Plaintiff denies any allegations to which she has not specifically responded.

## AFFIRMATIVE DEFENSES

Plaintiff hereby incorporates by reference the allegations contained in her Complaint (Dkt. No. 1), and further states the following affirmative defense:

## FIRST AFFIRMATIVE DEFENSE – UNCLEAN HANDS

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-55, 84-105, 116-123, and 128-161 of her Complaint (Dkt. No. 1). Defendants are not entitled to relief by reason of unclean hands. Among other things, Defendants failed to enter into any of the agreements herein in good faith and obtained Plaintiff's assent by means of fraud, force, and coercion as alleged in Plaintiff's Complaint.

## SECOND AFFIRMATIVE DEFENSE – ESTOPPEL

Defendants failed to inform Plaintiff of the confidentiality of any conversations that took place. Defendants further failed to inform Plaintiff of any duty of confidentiality on her part. Any disclosure of confidential information was caused by Plaintiff's detrimental reliance on these omissions. Thus, Defendants are estopped from seeking any relief because of their omissions.

## THIRD AFFIRMATIVE DEFENSE – DURESS

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-55 and 128-161 of her Complaint (Dkt. No. 1). Defendants obtained Plaintiff's consent to the Second Contract by actions that constituted menace. These actions include but are not limited to

using battery, sexually battery, psychological coercion, threatened abuse of legal process, and threats of physical harm.  In addition, Defendants through their acts created an illegal economic compulsion by imposing illegal "debts" upon Plaintiff and such acts constitute economic duress.  Defendants may not recover under the Second Contract because assent to that contract was obtained through duress.

### FOURTH AFFIRMATIVE DEFENSE – UNDUE INFLUENCE

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-55 and 128-161 of her Complaint (Dkt. No. 1).  By their actions, Defendants placed Plaintiff in a state of psychological and physical distress.  Defendants exercised undue influence in obtaining Plaintiff's assent by taking a grossly oppressive and unfair advantage of her distress.  Defendants may not recover under the Second Contract by reason of undue influence.

### FIFTH AFFIRMATIVE DEFENSE – FRAUD IN THE INDUCEMENT

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-31 and 84-105 of her Complaint (Dkt. No. 1).  Defendants obtained assent to at least the first employment agreement that she signed by means of fraud as alleged in Plaintiff's Complaint.  For this reason, Defendants may not recover under this contract by reason of fraud in the inducement.

### SIXTH AFFIRMATIVE DEFENSE – MISTAKE

Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-31 and 84-105 of her Complaint (Dkt. No. 1).  Plaintiff was mistaken as to material facts on which the contracts were based, including but not limited to certain conditions of her employment.  Defendants had reason to know of Plaintiff's mistake.  For this reason, the contracts between the parties are voidable by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE – CONSENT

By their acts and omissions, Defendants consented to any alleged public disclosure by Plaintiff of any conversations.  For example, Defendants would speak in Plaintiff's presence.  Defendants never informed Plaintiff that any conversations with Plaintiff or between Defendants

1  were private.  In addition, Defendants never took steps to prevent Plaintiff from discussing any
2  such conversation.

3  **EIGHTH AFFIRMATIVE DEFENSE – PRIVILEGE**

4  Plaintiff's disclosure of information, if any, was privileged because, for example, any
5  such communications were made among interested parties.  Further, Plaintiff was privileged to
6  communicate any private information for use in judicial proceedings and to officials as
7  authorized by law, including, but not limited to, for the purpose of reporting crimes, such as
8  those related to human trafficking.

9  **NINTH AFFIRMATIVE DEFENSE - PUBLIC INTEREST**

10  Public disclosures, if any, of private information by Plaintiff were reports of events of
11  immediate public interest.  Any events on which Plaintiff reported were newsworthy because
12  they were reports of both past and current criminal activities, including but not limited to crimes
13  related to human trafficking.  For these reasons, any alleged public disclosures made by plaintiff
14  were protected.

15  Dated: April 22, 2011                                                WILSON SONSINI GOODRICH & ROSATI
                                                                         Professional Corporation
16

17                                                                       By:  /s Matthew R. Reed
                                                                               Matthew R. Reed (mreed@wsgr.com)
18
                                                                         Attorneys for Plaintiff
19                                                                       JANE DOE

20

21

22  **DECLARATION OF CONSENT**

23  Pursuant to General Order 45, the undersigned certifies that concurrence in the filing of
24  this document was obtained from each of the other signatories.

25

26  Dated: April 22, 2011                                                By:  /s/ Tracy D. Rubin
                                                                               Tracy D. Rubin
27

28