1  MATTHEW R. REED, State Bar No. 196305
   CAROLINE E. WILSON, State Bar No. 241031
2  JENNIFER M. MARTINEZ, State Bar No. 262081
   MICHAEL D. K. NGUYEN, State Bar No. 264813
3  TRACY D. RUBIN, State Bar No. 267420
   WILSON SONSINI GOODRICH & ROSATI
4  Professional Corporation
   650 Page Mill Road
5  Palo Alto, CA 94304-1050
   Telephone:  (650) 493-9300
6  Facsimile:   (650) 565-5100
   Email:  mreed@wsgr.com
7
   CINDY LIOU, State Bar No. 252161
8  ASIAN PACIFIC ISLANDER LEGAL OUTREACH
   1121 Mission Street
9  San Francisco, California  94103
   Telephone: (415) 567-6255
10 Facsimile: (415) 567-6248
   Email: cliou@apilegaloutreach.org
11
   *Attorneys for Plaintiff*
12 JANE DOE

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15 JANE DOE,                          )  CASE NO.:  3:10-cv-05154-MEJ
                                      )
16           Plaintiff,               )  **REPLY BRIEF IN SUPPORT OF**
                                      )  **PLAINTIFF'S MOTION FOR**
17       v.                           )  **PROTECTIVE ORDER AND TO**
                                      )  **PROCEED UNDER A PSEUDONYM**
18 GIUSEPPE PENZATO, an individual; and )
   KESIA PENZATO, an individual,      )  Date: May 26, 2011
19                                    )  Time: 10:00 am
           Defendants.                )  Courtroom: B - 15th Floor
20 _____)

21

22

23

24

25

26

27

28

Under the relevant Ninth Circuit standard, Plaintiff Ms. Jane Doe ("Ms. Doe") is entitled to an order protecting her identity and allowing her to proceed under a pseudonym in this matter. Ms. Doe should be allowed to proceed under a pseudonym because her need for anonymity outweighs both any prejudice to the Defendants and the public interest in knowing her identity. Defendants apply the wrong standard in opposing Ms. Doe's motion. In addition, Defendants' citation of Tenth Circuit law to argue that Ms. Doe was required to request leave of Court before filing her Complaint under a pseudonym is inapposite. The Ninth Circuit has no such requirement. For these reasons, Ms. Doe respectfully requests that the Court grant her Motion for Protective Order and to Proceed Under a Pseudonym.

## I.     MS. DOE IS ENTITLED TO PROCEED UNDER A PSEUDONYM

In the Ninth Circuit, a party may proceed under a pseudonym "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). The need for anonymity in this case arises from a threat to the privacy interests of Ms. Doe and those who live in the same facility as she does. As the Ninth Circuit has held, the use of pseudonyms is appropriate to protect a plaintiff's privacy interests. *Advanced Textile*, 214 F.3d at 1067 n.9.[1]

Defendants cite to *Does I Thru XXIII v. Advanced Textile Corp.* for the premise that an additional three factors should be applied in determining whether a plaintiff should be allowed to proceed under a pseudonym. Opp. at 6. Those three factors, "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, [and] (3) the anonymous party's vulnerability to such retaliation," do not apply in this situation. The Ninth Circuit made it clear that these factors are appropriate only where "pseudonyms are used to shield the anonymous

---

[1] Ms. Doe has also requested protection for her current address. *See* Opening Br. at 5. Defendants assert such protection is not necessary because Ms. Doe can proceed under her counsel's address. While the parties have not yet exchanged discovery requests, such requests may lead to production of documents or other information that will reveal where she is currently residing. For that reason, Ms. Doe maintains her justified request for a protective order allowing her to prevent the disclosure of such information to the Penzatos and the public at large.

party from **retaliation**." *Advanced Textile*, 214 F.3d at 1068 (emphasis added). As Ms. Doe has

asserted from the beginning, her privacy interests are the primary basis for her need to proceed

anonymously in this case.

### A.     Ms. Doe Has A Substantial Need For Anonymity

As she described in her Opening Brief, Ms. Doe has substantial privacy interests at stake

in this case. Opening Br. at 4-5. The very nature of her claims implicates her privacy interests,

as she is a victim of human trafficking, sexual battery, and invasion of privacy at the hands of the

Defendants.[2] Human trafficking can cause its victims a great deal of embarrassment and shame.

*See* U.S. Dep't of Health and Human Servs., *Common Health Issues Seen In Victims of Human*

*Trafficking*, available at

http://www.acf.hhs.gov/trafficking/campaign_kits/tool_kit_health/health_problems.html

(Nguyen Decl.[3] Ex. A) (human trafficking victims often experience "[f]eelings of helplessness,

shame, humiliation, shock, denial or disbelief"); International Organization for Migration,

*Caring for Trafficked Persons: Guidance for Health Providers* 11 (2009) (Nguyen Decl. Ex. B)

("Individuals who are out of a trafficking situation may . . . feel ashamed and stigmatized").

Likewise, Ms. Doe's claim of sexual battery is a matter of a "sensitive and highly personal

nature." *See Advanced Textile*, 214 F.3d at 1068.

Defendants attempt to downplay Ms. Doe's substantial privacy interests by distinguishing

her case from that of *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006). Defendants'

assertion that the court's decision in *Kolko* was based primarily on the fact that the plaintiff was

a minor is incorrect. In *Kolko*, the court noted that sexual assault was a matter involving the

utmost intimacy independent of the age of the victim. *Id.* at 195-96 ("courts have granted

---

[2] While Defendants' may deny Ms. Doe's claims, such denials alone are not sufficient to establish Ms. Doe did not suffer, and does not continue to suffer, harm as a result of Defendants' actions.

[3] Citations to "Nguyen Decl." are to the Declaration of Michael Nguyen in Support of Plaintiff's Reply Brief in Support of Motion for Protective Order and to Proceed Under a Pseudonym.

1   anonymity to protect against disclosure of a wide range of issues involving matters of the utmost

2   intimacy, including sexual assault").

3       Ms. Doe has suffered psychological and emotional trauma because of Defendants' acts.[4]

4   The revelation of her name and resulting attention would be detrimental to her recovery, her

5   privacy and the privacy of the other former victims of violence with whom she resides.

6   Allowing Ms. Doe to proceed under a pseudonym would protect her privacy during this time of

7   recovery.

8       **B.      Defendants Fail to Show That They Would Be Prejudiced**

9       Defendants have failed to demonstrate they would be prejudiced by allowing Ms. Doe to

10   proceed under a pseudonym.  Defendants state two reasons why they believe that they would be

11   prejudiced:  first, that they are prejudiced because they are "publicly accused," and second, that

12   they would have to "incur additional and significant time and expense of having to redact and/or

13   seal 'secret' information."  Opp. at 7-8.  Neither of these arguments withstands scrutiny.

14       First, Defendants face public exposure regardless of whether Ms. Doe's identity is made

15   public.  Defendants have provided no reason why the already public revelation of Defendants'

16   names would be altered by adding Ms. Doe's true identity to the record.  In fact, several states

17   recognize that victims of sexual offenses have a unique interest in preserving the privacy of their

18   identities — an  interest which is not shared by the perpetrators.  *See, e.g.*, Cal. Penal Code §

19   293.5(a) (2011) (permitting criminal courts to order that the victim of a sex offense be referred to

20   as "Jane Doe" or "John Doe"); Alaska Stat. § 12.61.140 (2010) (requiring the use of initials in

21   public records in place of the name of the victim of a sexual offense); Nev. Rev. Stat § 200.3771

22   (2010) (making records containing the identity of a victim of sexual offenses confidential).

23       Second, Defendants' unwillingness to incur time and expense to redact information has

24   no bearing or relevance to any prejudice they may suffer.  Like all other parties to litigation,

25   ───────────────────────

26   [4] Defendants' attack on the sufficiency of Ms. Doe's declaration is unfounded.  Ms. Doe has
    submitted the statements contained in her declaration under penalty of perjury.  Ms. Doe has

27   personal knowledge of the facts on which those statements are based, and has met her burden
    with regard to this evidence.  Defendants' own declarations in support of their Opposition do not

28   provide substantial evidence to rebut the facts proffered by Ms. Doe.

1    Defendants will have a duty to redact or file under seal certain information during the course of

2    this matter.  For example, Federal Rule of Civil Procedure 5.2(a) requires the redaction of

3    documents containing various categories of personal and financial information.  Likewise, the

4    parties are currently negotiating a protective order, based on the standard stipulated protective

5    order provided by this Court, that contemplates the production and sealing of certain confidential

6    information pursuant to Federal Rule of Civil Procedure 26(c).  Nguyen Decl. Ex. C.

7    Accordingly, the "prejudice" alleged by Defendants is nothing more than the reality that civil

8    litigation sometimes requires the redaction and sealing of documents.

9
         C.    **Allowing Plaintiff To Proceed Under a Pseudonym Serves The Public**
10              **Interest By Encouraging Victims To Come Forward**

11              Here, public exposure of Ms. Doe's identity, like that of other victim's identities, would

12   chill the willingness of such victims to come forward.  Law enforcement agencies often have

13   trouble detecting human trafficking because victims are unwilling to step forward due to the

14   shame of being victims.  *See, e.g.*, Remarks of W. Ralph Basham, Commissioner, U.S. Customs

15   and Border Protection, Dep't of Homeland Security (Sept. 9, 2008), *available at*

16   http://cbp.dhs.gov/xp/cgov/newsroom/highlights/ice/keynote_remarks/remarks_trafficking.xml

17   (Nguyen Decl. Ex. D) ("noting that it is often difficult to investigate human trafficking because

18   victims often fear talking to law enforcement since they "may feel shame for what they have

19   been forced to do").  Likewise, victims of sexual assault may fear public exposure and the stigma

20   of having been victim to such a crime.  *See E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 593

21   (E.D. Cal. 2008) (Permitting eight employee plaintiffs to intervene anonymously, where, among

22   other factors, "[t]hey are concerned that they will be embarrassed by the public disclosure of the

23   nature of their allegations against Defendants, which if proven, will identify them as victims of

24   sexual harassment and sexual crimes in the small community where they live and work.").

25              Defendants attempt to refute this public interest by distinguishing Ms. Doe's situation

26   from that of the large number of plaintiffs in *Advanced Textile* because she is the sole plaintiff in

27   this case.  Opp. at 8.  However, Defendants miss the point.  The court in *Advanced Textile* held

28   that it was in the public interest to allow the plaintiffs to proceed under a pseudonym because

REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER AND TO
PROCEED UNDER A PSEUDONYM
CASE NO. 3:10-cv-05154-MEJ              -4-

1   doing so counteracted the chilling effect that public disclosure of a plaintiff's name has on

2   employees whose rights have been violated. *Advanced Textile*, 214 F.3d at 1073; *see also Kolko*,

3   242 F.R.D. at 195 ("the public generally has a strong interest in protecting the identities of sexual

4   assault victims so that other victims will not be deterred from reporting such crimes").

5       To allow Ms. Doe to proceed under a pseudonym would signal to victims that they can

6   come forward and enforce their rights.  For that reason, it is in the public interest for this Court to

7   grant Ms. Doe's request for a protective order.

8
    **II.   NINTH CIRCUIT LAW ALLOWS PLAINTIFFS TO FILE UNDER A
9          PSEUDONYM WITHOUT FIRST SEEKING LEAVE OF THE COURT**

10      As the Eastern District of California aptly put it, "[a]lthough some Circuits require

11  plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does

12  not." *ABM Indus. Inc.*, 249 F.R.D. at 592 (citing *Advanced Textile*, 214 F.3d at 1063-64, 1067-

13  68); *see also Advanced Textile*, 214 F.3d at 1063-64 (allowing plaintiffs to proceed under a

14  pseudonym without asking for permission before filing their complaint).  Defendants fail to cite

15  a single case in the Ninth Circuit that holds that it is improper to file under a pseudonym without

16  first seeking leave of the court.  Opp. at 3.

17      Accordingly, as permitted by the law of this Circuit, Ms. Doe should be allowed to

18  proceed under a pseudonym.

19  **III.   CONCLUSION**

20      For the foregoing reasons, Ms. Doe respectfully requests that the Court grant in its

21  entirety her Motion for Protective Order and to Proceed Under a Pseudonym.

22

23  Dated:  May 12, 2011                          WILSON SONSINI GOODRICH & ROSATI
                                                   Professional Corporation
24

25                                                 By:  /s Caroline E. Wilson
                                                        Caroline E. Wilson
26                                                      (cwilson@wsgr.com)

27                                                 Attorneys for Plaintiff
                                                   JANE DOE
28

REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER AND TO
PROCEED UNDER A PSEUDONYM
CASE NO. 3:10-cv-05154-MEJ                -5-