UNITED STATES DISTRICT COURT

Northern District of California

JANE DOE,

        Plaintiff,

v.

GIUSEPPE PENZATO, an individual; KESIA PENZATO, al individual,

        Defendants.

_____/

No. CV10-5154 MEJ

**ORDER RE MOTION FOR PROTECTIVE ORDER**

**(Docket No. 10)**

## I. INTRODUCTION

Pending before the Court is Plaintiff Jane Doe's ("Plaintiff") Motion for Protective Order, in which she seeks to proceed under a pseudonym and to prevent public disclosure of her identity by Defendants Giuseppe Penzato and Kesia Penzato ("Defendants") in order to protect her privacy and safety. (Dkt. No. 10.) Pursuant to Local Civil Rule 7-1(b), the Court finds that the pending motion is appropriate for determination without oral argument. After reviewing Plaintiff's Complaint and carefully considering the arguments raised in the parties' briefs, the Court **GRANTS** Plaintiff's motion for the reasons set forth below.

## II. BACKGROUND

The relevant facts, taken from Plaintiff's Complaint, are as follows. Plaintiff is a citizen of Brazil who currently resides in San Francisco, California. Compl. ¶ 8, Dkt. No. 1. Defendant Giuseppe Penzato is a citizen of Italy who resides in San Francisco as an employee of the Consulate General of Italy. *Id.* ¶ 9. Defendant Kesia Penzato, a citizen of Brazil, is married to Mr. Penzato and lives with him in San Francisco. *Id.* ¶ 10.

Plaintiff met Mrs. Penzato when they were both adolescents in Brazil. *Id.* ¶ 11. In 2008, Mrs. Penzato offered Plaintiff a job in San Francisco as a caretaker for Defendants' children. *Id.* ¶ 13. Mrs. Penzato offered to pay Plaintiff $1,500 per month, provide free room and board at Defendants' home, and pay for Plaintiff's transportation to the United States. *Id.* Plaintiff accepted the offer and began working for Defendants as a child caretaker and housekeeper in August 2009. *Id.* ¶¶ 15-16.

Plaintiff alleges that during her employment, she suffered serious harm by Defendants, including injury she received as a victim of human trafficking, forced labor, sexual battery, and invasion of privacy. Specifically, Plaintiff alleges that Defendants: breached their agreement to limit Plaintiff's work to 35 hours per week, routinely forcing her to work over 60 hours per week (*id.* ¶ 18); failed to provide rest breaks and restricted her ability to come and go from the house without permission (*id.* ¶¶ 20, 22); forced her to clean using harsh chemicals in unventilated areas without gloves or breathing protection (*id.* ¶ 21); failed to provide payment for Plaintiff's work (*id.* ¶¶ 25-26); and physically attacked Plaintiff (*id.* ¶¶ 28, 30). Plaintiff also alleges that Mr. Penzato assaulted and sexually molested her, and threatened to cancel her visa. *Id.* ¶¶ 29-30. Plaintiff left Defendants' household on or around November 29, 2009. *Id.* ¶ 31.

On November 12, 2010, Plaintiff filed the present case using a pseudonym instead of her real name. Plaintiff alleges 23 causes of action, including human trafficking, forced labor and involuntary servitude, violations of the Fair Labor Standards Act and California Labor Code, sexual battery, and various torts claims. *Id.* ¶¶ 32-161.

On March 23, 2011, Plaintiff filed the present motion for a protective order. Dkt. No. 10. Defendants filed an opposition on May 5, 2011, (Dkt. No. 42), and Plaintiff filed a reply on May 12, 2011 (Dkt. No. 43).

### III. DISCUSSION

In her motion, Plaintiff requests leave to proceed under a pseudonym for two reasons. First, Plaintiff argues that her injury arises out of sensitive and personal matters involving human trafficking, sexual battery, and invasion of privacy; thus, without the ability to proceed under a

2

1 pseudonym, her injury would be exacerbated. Pl.'s Mot. at 3:21-24, Dkt. No. 10. Second, Plaintiff
2 argues that she currently resides in transitional housing with other victims of violence, and her
3 identity should be protected to maintain the safety of all residents. *Id.* at 3:24-26.

4 In response, Defendants argue that, to the extent Plaintiff alleges that she will be harmed by
5 proceeding in this litigation using her real name, she fails to point to any credible evidence or expert
6 testimony showing any threatened or real harm. Defs.' Opp'n at 2:7-10, Dkt. No. 42. Defendants
7 contend that there is no real threat of immediate harm to Plaintiff, there is no secret to them as to
8 Plaintiff's true identity, and they do not intend to communicate directly with her. Defendants further
9 argue that Plaintiff's request to proceed under a pseudonym is disfavored because it impairs the
10 public's common law right of access to court proceedings. *Id.* at 2:14-15. Finally, Defendants argue
11 that Plaintiff's Complaint should be dismissed because she failed to follow procedural requirements
12 of obtaining the Court's permission to proceed under a pseudonym *before* she filed her complaint.
13 *Id.* at 2:3-6.

## A. Legal Standard

15 The Ninth Circuit permits the use of pseudonyms in unusual cases where concealing a
16 party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal
17 embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v.*
18 *Advanced Textile*, 214 F.3d 1058, 1068 (9th Cir. 2000). The use of pseudonyms is reserved for the
19 rare cases because of two reasons. One, the requirements of Federal Rule of Civil Procedure 10(a),
20 which mandates that all names of the parties be included in a complaint. Two, the public and the
21 parties have the common law right to know the identity of the parties in a judicial proceeding.
22 *Advanced Textile* sets the controlling legal standard for "a district court's discretionary decision to
23 permit a party to proceed anonymously." *Advanced Textile*, 214 F.3d at 1067, 1068.

24 Courts must employ a balancing test in determining whether plaintiffs should be allowed to
25 use pseudonyms. Specifically, "a party may preserve his or her anonymity in judicial proceedings in
26 special circumstances when the party's need for anonymity outweighs prejudice to the opposing
27 party and the public's interest in knowing the party's identity." *Id.* at 1068.

**B.     Application to the Case at Bar**

   1.     Plaintiff's Need for Anonymity.

First, the Court considers Plaintiff's stated reasons for anonymity. Plaintiff argues that this litigation involves matters of "a highly sensitive and personal nature" to her, "including the emotional and psychological impact of being a victim of human trafficking and sexual battery." Pl.'s Mot. at 4:11-13, Dkt. No. 10. She also argues that the publication of her name would open her to inquiries from the press and other interested individuals, and that her ability to recover from her trauma would thus be compromised. *Id.* at 4:17-20. Finally, Plaintiff states that she currently resides in a facility which houses women who have been victims of violence, and that if her name is made public, she fears bringing unwanted attention to herself and her fellow victims. *Id.* at 4:23-28. Given Plaintiff's allegations of sexual assault, the Court finds that these reasons tend to favor allowing her to proceed anonymously. *See Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses"). Additionally, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *see also Doe v. Evans*, 202 F.R.D. 173, 176 (E.D.Pa. 2001) (granting anonymity to sexual assault victim).

In their opposition, Defendants gloss over Plaintiff's sexual assault allegations and argue that most of her causes of action relate to the allegation that she was not paid properly. Defs.' Opp'n at 5:15-16, Dkt. No. 42. However, it would be improper for the Court to consider only part of Plaintiff's complaint in making its determination here. Defendants also argue that the Court must consider separate factors that the *Advanced Textile* court provided in cases where pseudonyms are used to shield the anonymous party from retaliation: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Advanced Textile*, 214 F.3d at 1068. In *Advanced Textile*, the plaintiffs were factory workers, about half of which were non-residents. The workers were threatened with "various

reprisals, including termination, blacklisting, deportation, and closing the factory. There is also testimony that employers made oblique threats of physical harm to employees who complained about working conditions." *Advanced Textile*, 214 F.3d at 1063, 1065. The court held that the plaintiffs faced a greater threat of retaliation than the typical plaintiff and the plaintiffs in that case faced extraordinary harm because they could be fired, blacklisted and deported if their identities were revealed. *Id.* at 1070-71. Moreover, the plaintiffs would be burdened with debts which would lead to arrests and incarceration. *Id.* The court held that in the face of such extraordinary retaliation, the plaintiffs did not need to prove that they faced a danger of physical injury. *Id.* at 1071.

Here, the Court finds that the retaliation analysis in *Advanced Textile* is inapplicable. First, *Advanced Textile* deals largely with retaliation threats. In her reply brief, Plaintiff states that her privacy interests are the primary basis for her need to proceed anonymously; indeed, there are no retaliation claims in her complaint. Second, Plaintiff is no longer employed by Defendants; thus there can be no fear of loss of employment. Third, there appears to be no allegations of a threat of physical harm to Plaintiff. In her declaration, Plaintiff focuses on psychological trauma, stating that she "fear[s] that the attention that may result from making [her] name public in connection with this lawsuit would make [her] trauma worse by, among other things, triggering [her] reliving of the traumatic experiences and resulting in additional invasion of [her] privacy." Pl.'s Decl. ¶ 2, Dkt No. 30. Accordingly, the Court finds that the *Advanced Textile* analysis is largely inapposite, and that Plaintiff's stated reasons favor allowing her to proceed using a pseudonym.

2. Prejudice to Defendants.

Next, the Court considers any prejudice that Defendants would face by allowing Plaintiff to proceed anonymously. Defendants argue that they have been prejudiced by this lawsuit in that they have been publicly accused of committing sexual abuse, participating in human trafficking and forced labor, and have had to use their limited resources to defend against the allegations. Defs.' Opp'n at 7:26-8:2, Dkt. No. 42. However, Defendants face public exposure regardless of whether Plaintiff's identity is made public, and the allegations against them would remain the same. As

5

1  Defendants themselves state, despite being publicly named in this case, they have not been
2  approached by media or any other interested parties with inquiries about this litigation. G. Penzato
3  Decl. at ¶ 6, Dkt. No. 43; K. Penzato Decl. at ¶ 5, Dkt. No. 44.

4  Defendants further argue that they "are prejudiced by the additional responsibilities that
5  come with defending and litigating a matter with a Doe [plaintiff]." Defs.' Opp'n at 8:6-7, Dkt. No.
6  42. By way of example, Defendants state that they would "incur additional and significant time and
7  expense of having to redact and/or seal secret information from all pleadings if Plaintiff is allowed
8  to proceed under a pseudonym." *Id.* at 8:7-9. However, given the nature of the allegations in
9  Plaintiff's complaint, it is likely that Defendants will have to redact information regardless of
10 whether Plaintiff's identity is made public. This is the reality of civil litigation and not a reason for
11 an alleged victim of sexual assault to disclose her identity.

12 Based on this analysis, the Court finds that any prejudice Defendants would face does not
13 favor requiring Plaintiff to disclose her identity.

### 3. How the Public's Interest in the Matter Would Best Be Served.

15 Finally, the Court considers how the public's interest in the matter would best be served.
16 Federal Rule of Civil Procedure 10(a) requires that all complaints list the names of the parties. The
17 purpose of this rule is not simply administrative, it is "to apprise the parties of their opponents, and it
18 protects the public's legitimate interest in knowing all the facts and events surrounding court
19 proceedings." *Doe v. Texaco, Inc.*, 2006 WL 2850035, *6 (N.D. Cal. Oct. 5, 2006) (citation
20 omitted). However, the Federal Rules do not expressly authorize or absolutely bar Doe or
21 anonymous plaintiffs. *E.E.O.C. v. ABM Industries, Inc.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008); *Coe
22 v. U.S. District Court*, 676 F.2d 411, 415 (10th Cir. 1982). Although some Circuits require plaintiffs
23 to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not. *ABM
24 Industries*, 249 F.R.D. at 592. However, plaintiffs must still obtain leave to proceed under fictitious
25 names. *Advanced Textile*, 214 F.3d at 1063-64, 1067-68.

26 Plaintiff argues that the public exposure of her identity would chill the willingness of victims
27 of human trafficking and sexual assault to come forward and enforce their rights without fear of
28

6

additional trauma and privacy violations. Pl.'s Mot. at 5:11-14, Dkt. No. 10; Pl.'s Reply at 4:11-24, Dkt. No. 46. Courts recognize that plaintiffs may be permitted to proceed anonymously where there are allegations of sexual assault, and they may fear public exposure and the stigma of having been victim to such a crime. *ABM Indus.*, 249 F.R.D. at 593 (Permitting eight employee plaintiffs to intervene anonymously, where, among other factors, "[t]hey are concerned that they will be embarrassed by the public disclosure of the nature of their allegations against Defendants, which if proven, will identify them as victims of sexual harassment and sexual crimes in the small community where they live and work."); *see also Kolko*, 242 F.R.D. at 195 ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes"). As such allegations are present in this case, the Court finds that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs the public's interest in disclosing Plaintiff's identity.

Further, Defendants recently filed an answer and the case is in the discovery phase. Dkt. Nos. 33, 45. Plaintiff has offered to stipulate to a protective order to provide Defendants an opportunity to conduct meaningful discovery. Thus, requiring Plaintiff to reveal her identity and file an amended complaint would unnecessarily delay these proceedings.

Based on the analysis herein, the Court concludes that Plaintiff has established that her need for anonymity outweighs the public's interest in knowing her identity.

### IV. CONCLUSION

Based on the analysis above, the Court **GRANTS** Plaintiff's motion for a protective order and to proceed under a pseudonym.

**IT IS SO ORDERED.**

Dated: May 13, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge